# EXHIBIT A

## Sixty-fifth Legislative Assembly of North Dakota
## In Regular Session Commencing Tuesday, January 3, 2017

SENATE BILL NO. 2289
(Senators Armstrong, Cook, Klein)
(Representatives Howe, Vigesaa, Delmore)

AN ACT to amend and reenact sections 51-07-01.2, 51-07-02.2, and 51-26-06 of the North Dakota Century Code, relating to prohibited practices under farm equipment dealership contracts, dealership transfers, and reimbursement for warranty repair.

**BE IT ENACTED BY THE LEGISLATIVE ASSEMBLY OF NORTH DAKOTA:**

**SECTION 1. AMENDMENT.** Section 51-07-01.2 of the North Dakota Century Code is amended and reenacted as follows:

**51-07-01.2. Prohibited practices under farm equipment dealership contracts.**

~~A~~

1. Notwithstanding the terms of any contract, a manufacturer, wholesaler, or distributor of farm implements, machinery, or repair parts who enters into a contract with any person engaged in the business of selling and retailing farm implements and repair parts for farm implements may not:

    ~~1.~~a. ~~Coerce~~Require or attempt to ~~coerce the~~require a farm equipment dealer to accept delivery of farm equipment, parts, or accessories that the farm equipment dealer has not voluntarily ordered or require the farm equipment dealer to maintain or stock a level of equipment, parts, or accessories except as provided in subdivision b.

    ~~2.~~b. Condition or attempt to condition the sale of farm equipment, parts, or accessories on a requirement that the farm equipment dealer also purchase other goods or services, or purchase a minimum quantity of farm equipment as a condition of filling an order for farm equipment, except ~~that~~ a farm equipment manufacturer may require the dealer to purchase all parts reasonably necessary to maintain the quality of operation in the field of any farm equipment used in the trade area and telecommunication necessary to communicate with the farm equipment manufacturer.

    ~~3.~~c. ~~Coerce~~Require or attempt to ~~coerce~~require a farm equipment dealer into a refusal to purchase farm equipment manufactured by another farm equipment manufacturer.

    ~~4.~~d. Require a farm equipment dealer to separate the line-makes operating within the dealer's facility by requiring the separation of personnel, inventory, service areas, display space, or otherwise dictate the method, manner, number of units, or the location of farm equipment displays at the dealer's facility. This subdivision does not prevent a farm equipment dealer and manufacturer from agreeing to those terms if the agreement was supported by separate and valuable consideration. The issuance, reissuance, or extension of a dealership contract alone is not separate and valuable consideration.

    e. Require a farm equipment dealer to either establish or maintain exclusive facilities, personnel, or display space or to abandon an existing relationship with another manufacturer in order to continue, renew, reinstate, or enter a dealer agreement or to participate in any program discount, credit, rebate, or sales incentive. This subdivision does not prevent a farm equipment dealer and manufacturer from agreeing to establish or maintain exclusive facilities for separate and valuable consideration. The issuance, reissuance, or extension of a dealership contract alone is not separate and valuable consideration.

- f. Discriminate in the prices charged for farm equipment of ~~like~~similar grade and quality sold by the farm equipment manufacturer to similarly situated farm equipment dealers. This ~~subsection~~subdivision does not prevent the use of differentials that make only due allowance for differences in the cost of manufacture, sale, or delivery or for the differing methods or quantities in which the farm equipment is sold or delivered by the farm equipment manufacturer. This ~~section~~subdivision does not diminish the manufacturer's, wholesaler's, or distributor's ability to provide volume discounts, bonuses, or special machine ordering programs commonly used in the industry.

- ~~5.~~g. Attempt or threaten to terminate, cancel, fail to renew, or substantially change the competitive circumstances of the dealership contract for any reason other than failure of the farm equipment dealer to substantially comply with the material terms of the written contract between the parties or if the attempt or threat is based on the results of a circumstance beyond the farm equipment dealer's control, including a sustained drought or other natural disaster in the dealership market area or a labor dispute. A substantial change in the competitive circumstances includes the removal of authorization to operate at a location from where the dealer is currently operating or the unreasonable removal of a product line or segment.

- h. Require a farm equipment dealer to unreasonably remodel, renovate, or recondition the dealer's facilities, change the location of the facilities, or make unreasonable alterations to the dealership premises. A request for a dealer to remodel, renovate, or recondition the dealer's facilities, change the location of the facilities, or make alterations to the dealership premises must be considered in light of current and reasonably foreseeable projections of economic conditions, financial expectations, and the dealer's market for the sale of farm equipment. A facility modification request is unreasonable if the request is within seven years of a farm equipment dealer's most recent facility remodel, renovation, or reconditioning.

- i. Unreasonably prevent or refuse to approve the relocation of a dealership to another site within the dealer's relevant market area. The dealer shall provide the manufacturer or distributor with notice of the proposed address and a reasonable site plan of the proposed location. The manufacturer or distributor shall approve or deny the request in writing within sixty days after receipt of the request. Failure to deny the request within sixty days is deemed an approval.

- j. Conduct a warranty or incentive audit or seek a chargeback on a warranty or incentive payment more than one year after the date of the warranty or incentive payment. A manufacturer may not charge back a dealer for an incentive or warranty payment unless the manufacturer can satisfy its burden of proof that the dealer's claim was false, fraudulent, or the dealer did not substantially comply with the reasonable written procedures of the manufacturer. The audit and chargeback provisions in this subdivision apply to all incentive and reimbursement programs that are subject to audit by a manufacturer. Before imposing a chargeback, a manufacturer shall identify each claim at issue and provide the dealer with written explanation for the proposed chargeback for each claim. The cumulative value of any chargeback, fees, penalties, or adverse action for an individual claim may not exceed the total direct compensation received by the dealer for the claim at issue. Thereafter, the manufacturer shall provide the dealer a reasonable time, no less than forty-five days, to present additional information regarding a claim at issue.

- k. Use an unreasonable, arbitrary, or unfair sales, service, or other performance standard in determining a farm equipment dealer's compliance with a contract or program. Before applying any sales, service, or other performance standard to a farm equipment dealer, a manufacturer shall communicate the performance standard in writing in a clear and concise manner, including a detailed explanation of the criteria, calculations, methodology, and data used to establish the standard.

l.  Require a farm equipment dealer in this state to enter an agreement with the manufacturer or any other party which requires:

   (1) The law of another jurisdiction to apply to a dispute between the dealer and manufacturer;

   (2) The dealer to bring an action against the manufacturer in a venue outside of this state;

   (3) The dealer waive the right to have all of this state's statutory and common law apply;

   (4) Reducing, modifying, or eliminating the dealer's right to resolve a dispute in a state or federal court in this state; or

   (5) The dealer to agree to arbitration or waive their rights to bring a cause of action against the manufacturer, unless done in connection with a settlement agreement to resolve a matter between a manufacturer and the dealer. The settlement agreement must be entered voluntarily for separate and valuable consideration. Renewal, reinstatement, or continuation of a dealer agreement alone is not separate and valuable consideration.

2. As used in this section "farm equipment" and "farm implements" means all vehicular implements and attachment units, designed and used primarily for planting, cultivating, or harvesting farm products or used primarily in connection with the production of agricultural produce or products, livestock, or poultry on farms, and which are operated, drawn, or propelled by motor or animal power.

**SECTION 2. AMENDMENT.** Section 51-07-02.2 of the North Dakota Century Code is amended and reenacted as follows:

**51-07-02.2. Dealership transfers.**

1. A ~~retailer~~dealer of automobiles or trucks, farm equipment, or parts for ~~the~~ automobiles ~~or~~, trucks, or farm equipment may not transfer, assign, or sell a ~~franchise~~dealer agreement to another person unless the ~~retailer~~dealer first provides written notice to the ~~franchisor~~manufacturer or distributor of the intended action. Within sixty days of receiving the notice, the ~~franchisor~~manufacturer or distributor must approve or deny the action. If the ~~franchisor~~manufacturer or distributor denies the action, the ~~franchisor~~manufacturer or distributor shall provide material reasons for the denial to the ~~franchisee~~dealer. If the ~~franchisor~~manufacturer or distributor does not respond within the sixty-day period, the action is deemed approved. ~~The refusal~~

2. A denial by the ~~franchisor~~manufacturer or distributor to accept a proposed transferee who meets the written, reasonable, and uniformly applied standards of qualifications of the ~~franchisor~~manufacturer or distributor relating to the financial qualifications of the transferee and business experience of the transferee is presumed to be unreasonable. If an action is ~~rejected~~denied by the ~~franchisor~~manufacturer or distributor, the ~~franchisee~~dealer may file an action for determination of a violation of this ~~section~~subsection. The ~~retailer~~dealer may ~~elect to~~ pursue ~~either~~ the ~~retailer's~~dealer's remedy under the contract or the remedy provided in this ~~section~~subsection. The ~~franchisor~~manufacturer or distributor has the burden of proof ~~with respect to~~regarding all issues raised in the action. The court shall approve the transfer unless the ~~franchisor~~manufacturer or distributor can prove the proposed transferee does not meet the written, reasonable, and uniformly applied standards regarding financial qualifications and business experience.

3. As used in this section, "farm equipment" has the same meaning as in section 51-07-01.2.

**SECTION 3. AMENDMENT.** Section 51-26-06 of the North Dakota Century Code is amended and reenacted as follows:

**51-26-06. Application -** ~~Not to affect prior contracts -~~ **Dealers reimbursed for** ~~labor~~<u>warranty repair</u>**.**

~~This chapter applies to any new farm machinery sold after July 31, 2001, and does not invalidate, impair, or otherwise infringe upon the specific requirements of any contract between a dealer and a manufacturer entered before August 1, 2001. However, if~~

<u>1.</u>   <u>If</u> warranty repair work <u>or service</u> is performed for a consumer by a farm equipment dealer under a manufacturer's express warranty, the manufacturer shall ~~reimburse the dealer at an hourly labor rate that is the same or greater than the hourly labor rate the dealer currently charges consumers for nonwarranty repair work.~~ <u>provide the dealer with reasonable and adequate compensation for diagnostic work, as well as repair service, parts, and labor, for warranty work compensation, a product improvement program, a maintenance plan, an extended warranty, a certified preowned warranty or a service contract, issued by the manufacturer or distributor or its common entity. In addition, a manufacturer shall provide reasonable and adequate time allowances for the diagnosis and performance of warranty work and service for the work performed and the time allowances may not be less than the average time spent by the dealer on similar work for nonwarranty customers. The hourly labor rate and parts reimbursement rate paid by a manufacturer to the dealer under this subsection may not be less than the average rate charged by the dealer for similar service or sales to nonwarranty customers. A manufacturer or distributor may not pay its dealers an amount of money for warranty work, parts, or service that is less than the average rate charged by the dealer for similar service or sales to nonwarranty customers.</u> The dealer may accept the manufacturer's or supplier's warranty reimbursement terms and conditions in lieu of the above.

<u>2.</u>   <u>The compensation required under subsection 1 includes transportation services, including labor and equipment, necessary to transport equipment under warranty to perform the service and to return the equipment to the customer. If transporting the equipment to the dealership to perform the service is not mechanically or financially feasible, the compensation required under subsection 1 includes travel to and from the location of the equipment if the service or repairs are performed at the location of the equipment. Reimbursement for travel time required under this subsection may not exceed six hours.</u>

<u>3.</u>   <u>A manufacturer shall pay a dealer on a claim made by a dealer under this section within thirty days of the approval of the claim. The manufacturer shall either approve or disapprove a claim within thirty days after the claim is submitted to the manufacturer. The manufacturer may prescribe the manner in which and the forms on which the dealer must present the claim. A claim not specifically disapproved in writing within thirty days after the manufacturer receives the claim must be construed to be approved and the manufacturer shall pay the claim within thirty days.</u>

<u>4.</u>   <u>As used in this section, "farm equipment" has the same meaning as in section 51-07-01.2.</u>

S. B. NO. 2289 - PAGE 5

_____       _____
President of the Senate                         Speaker of the House

_____       _____
Secretary of the Senate                         Chief Clerk of the House

This certifies that the within bill originated in the Senate of the Sixty-fifth Legislative Assembly of North Dakota and is known on the records of that body as Senate Bill No. 2289.

Senate Vote:    Yeas 46      Nays 0      Absent 1

House Vote:     Yeas 86      Nays 5      Absent 3

_____
Secretary of the Senate

Received by the Governor at _____M. on _____, 2017.

Approved at _____M. on _____, 2017.

_____
Governor

Filed in this office this _____day of _____, 2017, at _____ o'clock _____M.

_____
Secretary of State