# EXHIBIT E



## NORTH DAKOTA IMPLEMENT DEALERS ASSOCIATION
*Serving ND Implement Dealers for 117 Years!*

# 2017 NDIDA Legislative Victory!!

## ND FARM EQUIPMENT DEALER PROTECTIONS

In 2016 a new dealer agreement was presented to many farm equipment dealers which contained provisions that were unreasonably demanding, one-sided, and non-negotiable. Several of the provisions have the capability to impose significant financial burdens on dealers...possibly bankruptcy. Dealers across the state requested that NDIDA go to work to protect their interests and, as a result, **in January of 2017 Senate Bill 2289 was introduced**. SB 2289 addresses contract issues where unfair and unreasonable manufacturer demands have placed dealers at a distinct disadvantage...with no recourse or ability to negotiate. These issues include mandatory equipment & parts purchases, payment chargebacks, unfair performance requirements, dealership terminations, unreasonable reimbursement terms for warranty service, etc.

## WHAT SB 2289 ACCOMPLISHES

SB 2289 protects dealers from being required to purchase farm equipment, parts, or accessories that the dealer does not voluntarily order and/or as a condition of filling an order.

SB 2289 **allows a dealer to sell their dealership** provided that the proposed buyer meets the manufacturer's financial and business experience requirements. SB 2289 also allows a dealership to be moved to another location provided that the location and site plan are reasonable.

SB 2289 protects dealers from being required to sign an agreement that requires dealers to: a) be subject to another state's laws b) conduct legal proceedings outside of ND c) give up the dealers rights under ND state law d) agree to arbitration e) and more!

SB 2289 protects dealers from being required to separate product brands, service areas, facilities, personnel, or display space in order to renew a dealer agreement or to participate in a program discount, sales incentive, etc.

SB 2289 protects dealers from the arbitrary termination of their dealership contract and the unreasonable removal of authorization for a branch location or product line.

SB 2289 **requires that manufacturers reimburse dealers for warranty parts, labor, and transportation at the respective dealer's non-warranty customer pay rate.**

SB 2289 prohibits a manufacturer from conducting an audit or charge-back on warranty or incentive payments made more than 1 year after payment. Furthermore, a manufacturer may not charge back a dealer for an incentive or payment unless the dealer's claim was false, fraudulent, or the dealer did not comply with the manufacturer's written procedures for submitting the claim.

*See reverse side for more information on additional NDIDA legislative victories.*

## The NDIDA represents approximately 120 farm equipment dealers across the state of North Dakota.



Our mission is to promote the general welfare of our dealer members by providing a timely source of industry information; representing dealer interests in government regulation and legislation; enhancing dealer and employee education; supporting equitable dealer/manufacturer relations; and offering specific business-related services which enhance the profitability of dealer members.

*Government legislation and regulations have a major impact on your ability to make a profit in your dealership! With the support of NDIDA dealers, our staff fights to keep the interests of North Dakota farm equipment dealers in the minds of state lawmakers.*

### SEC. 179 & BONUS DEPRECIATION

At the request of NDIDA, Congressman Cramer co-sponsored legislation to make Section 179 permanent and extend Bonus Depreciation. Late in 2015, Section 179 was made permanent and allows businesses to expense capital costs up to $500,000 on an annual basis. Bonus Depreciation was extended for five years: 50% for 2015-17, 40% in 2018 and 30% in 2019.

### EQUIPMENT LEASE TAX

Under current law, "used" farm machinery is exempt from sales tax. One of the three conditions that must exist for farm machinery to be defined as "used" is that the equipment must have been under lease or rental for three years or more. In many cases, it has been very difficult for dealers to identify the tax history of various late model equipment that has been subject to a lease agreement, dealer-to-dealer trade, or purchased at an auction.

HB 1236 *(2013)*, a NDIDA bill, accomplished two things: 1. it created a trade-in deduction for "used" equipment that is taken in trade for a lease of new equipment; and 2. it greatly reduces dealers' obligation to verify equipment tax history, in part, by requiring that the full amount of tax due be collected within the term or buyout of an initial lease agreement.

### REPAIRMAN'S LIEN LAW

HB 1251 *(2013)* was created to protect the investment of parts and labor that a repairman (dealer) adds to a combine, tractor, etc. This protection allows a dealer to place a lien on property and retain possession of it until the repair bill is paid. It increased lien priority thresholds from the greater of $2,500 or 25% of the value of the property to $9,000 or 30%. Construction equipment was also added to the list of property to which a lien may be applied. **This NDIDA legislation greatly increased dealers' lien priority!**

### MONTANA SALES TAX EXEMPTION



Montana persons are exempt from paying ND sales tax, provided that they meet certain requirements. HB 1150 *(2015)* would have repealed that long-standing sales tax exemption, resulting in devastating consequences for our dealers, especially those in western North Dakota who derive a significant amount of their sales from customers who reside across the border in Montana.