UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Association of Equipment Manufacturers, AGCO Corporation, CNH Industrial America, LLC, Deere & Company, and Kubota Tractor Corporation, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **ANSWER** |
| v. | ) ) ) | **Case No. 1:17-cv-151** |
| The Hon. Doug Burgum, Governor of the State of North Dakota, in his Official Capacity, and The Hon. Wayne Stenehjem, Attorney General of the State of North Dakota, in his Official Capacity, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| North Dakota Implement Dealers Association, | ) ) ) | |
| Defendant Intervener. | ) | |

..............................................................................................................................

The Attorney General, in Answer to the Complaint dated July 24, 2017 requesting declaratory and injunctive relief, in the above-referenced action, <u>Association of Equipment Manufacturers, et al v. Stenehjem</u>, and in accordance with Fed. R. Civ. P. 12(a)(4)(A) and Fed. R. Civ. P.15(a)(3), respectfully states, responds, and answers as follows:

## <u>INTRODUCTION</u>

1.      Except as specifically admitted or qualified, the Attorney General denies each and every allegation of the Complaint.   Except as otherwise specified, all references to "paragraph" and "sentence" in this Answer are to the paragraphs and respective sentences in the Complaint dated July 24, 2017 and served upon the Attorney General on July 24, 2017.   All bold headings, corresponding to the bold headings within the Complaint, that follow below within this Answer are for filed-

document organizational purposes in this Answer only and do not denote that the corresponding bold headings within the Complaint are admitted.

## Nature of Action

2.    The allegation in paragraph 1 describes the relief sought and does not require an answer.  To the extent that a further response is required, it is denied.

3.    The allegation in paragraph 2, sentence 1 speaks for itself and North Dakota Senate Bill 2289 ("Senate Bill 2289") is the best evidence of its contents.  The statement in paragraph 2, sentence 2 is a collective name for North Dakota Century Code ("N.D.C.C.") sections 51-07-01.2, 51-07-02.2, and 51-26-06 and does not require an answer.  To the extent that a further response is required, it is denied.

4.    The Defendants admit only that the statement in paragraph 3 Senate Bill 2289 was slated to go into effect on August 1, 2017.  However, per agreement of the parties, the Attorney General will not enforce the provisions of Senate Bill 2289 pending the Court's decision on the pending Plaintiffs' request for a preliminary injunction.

5.    The Defendants are without sufficient information as to all federal, state, or local laws in all jurisdictions of the United States to admit or deny the allegations in paragraph 4, sentence 1.  The allegation in paragraph 4, sentence 2 contains a legal conclusion and does not require an answer.  To the extent that a further response is required, it is denied.

6.    The allegation in the introductory paragraph of paragraph 5 describing Senate Bill 2289 as "the Offending Provisions" is denied.  Senate Bill 2289 and the cited Acts speak for themselves are the best evidence of their contents.  The remaining portion of the introductory paragraph of paragraph 5 is denied unless a subsection of paragraph 5 is specifically admitted.

7.    The allegations in paragraph 5(a) are denied.  In addition, the Defendants assert the statements in paragraph 5(a) exceed the scope of the pleadings, enter the realm of legal argument, and fail to constitute short, plain statements.

8.      The allegations in paragraph 5(b) contain legal conclusions and do not require answers.  To the extent that a further response is required, it is denied.

9.      The allegations in paragraph 5(c) contain legal conclusions and do not require answers.  To the extent that a further response is required, it is denied.

10.     The allegations in paragraph 5(d) contain legal conclusions and do not require answers.  To the extent that a further response is required, it is denied.

11.     The allegation in paragraph 5(e) contain legal conclusions and do not require answers.  To the extent that a further response is required, it is denied.

## PARTIES

### The Manufacturers

### (AEM)

12.     The statement in paragraph 6, sentence 1 is the name and address of Plaintiff Association of Equipment Manufacturers ("AEM") and does not require an answer.  The statement in paragraph 6, sentence 2 describes the function of AEM and does not require an answer.

13.     The allegations in paragraph 7, sentences 1 and 2 are legal conclusions and do not require answers.  The statements in paragraph 7, sentence 3 describes AEM's interest in this lawsuit and does not require an answer.   The allegation in paragraph 7, sentence 4 is denied.  The allegation in paragraph 7, sentence 5 contains a legal conclusion and no answer is required.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

### (AGCO)

14.     The allegation in paragraph 8, sentence 1 describes the name, address, and state of incorporation of Plaintiff AGCO Corporation ("AGCO") and does not require an answer.   The allegations in paragraph 8, sentences 2 through 4 contain legal conclusions and do not require answers.   To the extent that a further response is

3

required, it is denied.  However, the Defendants clarify that per the agreement of the parties, the Attorney General will stay enforcement of the provisions of Senate Bill 2289 pending the Court's decision regarding the preliminary injunction motion.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  The Defendants do not have sufficient information to admit or deny the allegation in paragraph 8, sentence 5.

**(CHN)**

15.     The allegation in paragraph 9, sentence 1 describes the name, address, and state of incorporation of Plaintiff CHN Industrial America ("CHN") and does not require an answer.  The allegations in paragraph 9, sentences 2 through 4 contain legal conclusions and do not require an answer.  To the extent that a further response is required, it is denied.  However, the Defendants clarify that per the agreement of the parties, the Attorney General will stay enforcement of the provisions of Senate Bill 2289 pending the Court's decision regarding the preliminary injunction motion. Senate Bill 2289 speaks for itself and is the best evidence of its contents.   The Defendants do not have sufficient information to admit or deny the allegation in paragraph 9, sentence 5.

**(John Deere)**

16.     The allegation in paragraph 10, sentence 1 describes the name, address, and state of incorporation of Plaintiff John Deere & Company ("John Deere") and does not require an answer.  The allegations in paragraph 10, sentences 2 through 4 contain legal conclusions and do not require answers.  To the extent that a further response is required, it is denied.  However, the Defendants clarify that per the agreement of the parties, the Attorney General will stay enforcement of the provisions of Senate Bill 2289 pending the Court's decision regarding the preliminary injunction motion.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  The Defendants do not have sufficient information to admit or deny the allegation in paragraph 10.

**(Kubota)**

17. The allegation in paragraph 11, sentence 1 describes the name, address, and state of incorporation of Plaintiff Kubota Tractor Company ("Kubota") and does not require an answer. The allegations in paragraph 11, sentences 2 through 4 contain legal conclusions and do not require answers. To the extent that a further response is required, it is denied. However, the Defendants clarify that per the agreement of the parties, the Attorney General will stay enforcement of the provisions of Senate Bill 2289 pending the Court's decision regarding the preliminary injunction motion. Senate Bill 2289 speaks for itself and is the best evidence of its contents. The Defendants do not have sufficient information to admit or deny the allegation in paragraph 11, sentence 5.

**(The State)**

18. Defendants admit the allegations in paragraph 12, sentences 1 and 2. The allegation in paragraph 12, sentence 3 speaks for itself and the North Dakota Constitution is the best evidence of its contents. The allegation in paragraph 12, sentence 4 speaks for itself and does not require an answer. To the extent that a further response is required, it is denied.

19. Defendants admit the allegations in paragraph 13, sentences 1 and 2. The remaining allegations in paragraph 13 are legal conclusions and do not require an answer. The language of the cited cases and statutes in paragraph 13 speak for themselves and are the best evidence of their contents. The final sentence in paragraph 13 speaks for itself and does not require an answer. To the extent that further responses are required, they are denied.

## JURISDICTION AND VENUE

20. Defendants admit the Plaintiffs have cited the United States Constitution and federal statutes in paragraph 14.

21. Defendants admit the Court has subject matter jurisdiction over one or more of the claims.

22.     Defendants admit that venue is proper in the United States District Court for the District of North Dakota.

## FACTS COMMON TO ALL COUNTS

### The Enactment of Senate Bill 2289

23.     The introduction of date of Senate Bill 2289 in paragraph 17 speaks for itself and Senate Bill 2289 is the best evidence of its contents.  Defendants admit that the North Dakota Implement Dealers Association ("NDIDA") supported Senate Bill 2289. However, Defendants deny it was at the "behest" of NDIAD.

24.     The allegations in paragraph 18, sentences 1 and 2 are contained in Senate Bill 2289 and Senate Bill 2289 is the best evidence of its contents.

25.     The allegations in paragraph 19 speak for themselves and do not require answers.  To the extent that a further response is required, it is denied.

26.     Defendants deny the allegation in paragraph 20, sentence 1.  The Defendants are without sufficient information to admit or deny the allegations in paragraph 20, sentences 2 and 3.  To the extent that a further response is required, it is denied.

27.     The allegation in paragraph 21 speaks for itself and the legislative history of Senate Bill 2289 is the best evidence of its contents.  To the extent that a further response is required, it is denied.

28.     The allegation in paragraph 22 speaks for itself and the legislative history of Senate Bill 2289 is the best evidence of its contents.  To the extent that a further response is required, it is denied.

29.     The allegation in paragraph 23 speaks for itself and the legislative history of Senate Bill 2289 is the best evidence of its contents.  To the extent that a further response is required, it is denied.

30.     The allegation in paragraph 24 speaks for itself and the legislative history of Senate Bill 2289 is the best evidence of its contents.  To the extent that a further response is required, it is denied.

31.     Defendants have already responded to the allegation in paragraph 25 in the Complaint at other times within this Answer and the allegation does not continually require a repetitive answer.

### The Existing North Dakota Farm Equipment Dealership Statute

32.     The allegations in paragraph 26 are legal conclusions and do not require answers.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

33.     The allegations in paragraph 27 are legal conclusions and do not require answers.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

34.     The allegations in paragraph 28 are legal conclusions and do not require answers.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

35.     The allegations in paragraph 29 are legal conclusions and do not require answers.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

36.     The allegations in paragraph 30 are legal conclusions and do not require answers.  Senate Bill 2289, the cited statute, and the cited case speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

37.     The allegations in paragraph 31 are legal conclusions and do not require answers.  Senate Bill 2289 and the cited Act speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

38.     The allegations in paragraph 32 are legal conclusions and do not require answers.  Senate Bill 2289, the cited Act, and the cited statute speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

39.     The allegations in paragraph 33 are legal conclusions and do not require answers.  Senate Bill 2289 and the cited stature speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

### The "Offending Provisions" of Senate Bill 2289

40.     Defendants deny the title "Offending Provisions" in the introductory paragraph 34 and throughout the Complaint.  Plaintiffs challenge the provisions of Senate Bill 2289.  Defendants deny the titles that Plaintiffs use to describe the various provisions within Senate Bill 2289.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  In regards to the subparagraphs of paragraph 34, Defendants respond as follows:

a.     The title given in paragraph 34(a) is denied.  Senate Bill 2289 does not contain that title.

b.     The title given in paragraph 34(b) is denied.  Senate Bill 2289 does not contain that title.

c.     The title given in paragraph 34(c) is denied.  Senate Bill 2289 does not contain that title.

d.     The title given in paragraph 34(d) is denied.  Senate Bill 2289 does not contain that title.

e.     The title given in paragraph 34(e) is denied.  Senate Bill 2289 does not contain that title.

f.     The title given in paragraph 34(f) is denied.  Senate Bill 2289 does not contain that title.

g.     The title given in paragraph 34(g) is denied.  Senate Bill 2289 does not contain that title.

h.     The title given in paragraph 34(h) is denied.  Senate Bill 2289 does not contain that title.

i.      The title given in paragraph 34(i) is denied.  Senate Bill 2289 does not contain that title.

j.      The title given in paragraph 34(j) is denied.  Senate Bill 2289 does not contain that title.

k.      The title given in paragraph 34(k) is denied.  Senate Bill 2289 does not contain that title.

l.      The title given in paragraph 34(l) is denied.  Senate Bill 2289 does not contain that title.

m.      The title given in paragraph 34(m) is denied.  Senate Bill 2289 does not contain that title.

41.      The final statement in paragraph 34 does not require an answer.  To the extent that a further response is required, it is denied.

**(No Required Separation of Trademarks)**

42.      The allegation in paragraph 35 speaks for itself and Senate Bill 2289 is the best evidence of its contents.  To the extent that a further response is required, it is denied.

43.      Defendants deny the definition of "line-make" in paragraph 36.  That definition is not defined in Senate Bill 2289 or the North Dakota Century Code. Defendants also deny the title given to that provision.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.

44.      The allegation in paragraph 37 is a legal conclusion and does not require an answer.  Defendants deny the title given to that provision.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

45.      The quote in paragraph 38 speaks for itself and Senate Bill 2289 is the best evidence of its contents.  Defendants deny the title given to that provision.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 does not contain that title.  Senate

Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

46.    The allegation in paragraph 39 speaks for itself and does not require an answer.  The referenced newspaper is the best evidence of its contents.  Defendants clarify that the quoted language from Exhibit D is not contained the legislative history of Senate Bill 2289.  To the extent that a further response is required, it is denied.

47.    The allegations in paragraph 40 contain legal conclusions and do not require an answer.  Defendants deny the title given to those provisions.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

**(No Enforcement of Appearance Standards)**

48.    The allegation in paragraph 41 speaks for itself and Senate Bill 2289 is the best evidence of its contents.  To the extent that a further response is required, it is denied.

49.    The allegations in paragraph 42 contains legal conclusions and do not require answers.  Defendants deny the title "No Enforcement of Appearance Standards Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

50.    Defendants deny the allegation in paragraph 43.  Defendants also deny the title "No Enforcement of Appearance Standards Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

51.    Defendants do not have sufficient information to admit or deny the "typical[]" standards set out in paragraph 44, sentences 1 and 2.  The allegation in

paragraph 44, sentence 3 contains a legal conclusion and does not require an answer. Defendants also deny the title "No Enforcement of Appearance Standards Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

52.     The allegations in paragraph 45 contain legal conclusions and do not require an answer.  Senate Bill 2289 does not contain that title.  Senate Bill 2289, the cited Act, the cited statutes, and the cited cases speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

53.     The allegations in paragraph 46, sentence 1 are denied.  Defendants do not have sufficient market information to admit or deny the allegation in paragraph 46, sentence 2.  The allegations in paragraph 46, sentence 3 contain legal conclusions and no answer is required.  Senate Bill 2289 and the cited cases speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

**(No Enforcement of Performance Standards)**

54.     The allegations in paragraph 47 contain legal conclusions and do not require an answer.  The cited statute speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

55.     The allegations in the introductory paragraph 48 contain legal conclusions and do not require an answer.  Senate Bill 2289 and the cited statutes speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

    a.     The allegations in paragraph 48(a) contain legal conclusions and do not require answers.  Defendants deny the title "No Enforcement of Performance Standards Provision" given by the Plaintiffs. Senate Bill 2289 does not contain that title.  To the extent that a further response is required, it is denied.

b.     The allegations in paragraph 48(b) contain legal conclusions and do not require answers.  Defendants deny the title "No Enforcement of Performance Standards Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  To the extent that a further response is required, it is denied.

c.     The allegations in paragraph 48(c) contain legal conclusions and do not require answers.  Defendants deny the title "No Enforcement of Performance Standards Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  To the extent that a further response is required, it is denied.

d.     The allegation in paragraph 48(d) contain legal conclusions and do not require answers.  Defendants deny the title "No Enforcement of Performance Standards Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  To the extent that a further response is required, it is denied.

56.     The allegations in paragraph 49 contain legal conclusions and do not require answers.  Defendants deny the titles "No Required Separation of Trademarks, No Enforcement of Appearance Standards Provision, No Minimum Inventory or Order Requirements, No Exclusivity Requirements, No Control Over Dealership Locations, and Retroactive Impairment of Manufacturers' Warranties Provisions of Senate Bill 2289" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

57.     Defendants do not have sufficient information to admit or deny the allegations in paragraph 50, sentences 1 and 2.  The allegation in paragraph 50, sentence 3 contains a legal conclusion and does not require an answer.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

58.     The allegation in paragraph 51, sentence 1 contains a legal conclusion and does not require an answer.  Defendants do not have sufficient information to admit or deny the allegation in paragraph 51, sentence 2.  The remaining allegations in paragraph 51 contain legal conclusions and no answers are required.  The cases cited or quoted by Plaintiffs speak for themselves and no answers are required.  These cases

12

are the best evidence of the contents of these cases.   To the extent that a further response is required, it is denied.

**(No Minimum Inventory or Order Requirements)**

59.    Defendants do not have sufficient information to admit or deny the allegations in paragraph 52.

60.    The allegations in paragraph 53 contain legal conclusions and no answers are required.  Senate Bill 2289 speaks for itself and no answer is required.  Senate Bill 2289 is the best evidence of its contents.   Defendants deny the title "No Minimum Inventory or Order Requirements Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  To the extent that a further response is required, it is denied.

61.    The allegation in paragraph 54 contains legal conclusions and no answers are required.  Senate Bill 2289 speaks for itself and no answer is required.  Senate Bill 2289 is the best evidence of its contents.   Defendants deny the title "No Minimum Inventory or Order Requirements Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  To the extent that a further response is required, it is denied.

62.    Defendants do not have sufficient information to admit or deny the allegations in paragraph 55, sentences 1 and 2.   The allegation in paragraph 55, sentence 3 contains a legal conclusion and does not require an answer.  Senate Bill 2289 is the best evidence of its contents.   Defendants deny the title "No Minimum Inventory or Order Requirements Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  To the extent that a further response is required, it is denied.

63.    The allegations in paragraph 56 contains legal conclusions and do not require answers.   Defendants deny the title "No Minimum Inventory or Order Requirements Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

64.     The allegations in paragraph 57 contain legal conclusions and do not require answers.   Defendants deny the title "No Minimum Inventory or Order Requirements Provision" given by the Plaintiffs.   Senate Bill 2289 does not contain that title.   Senate Bill 2289 speaks for itself and is the best evidence of its contents.   Senate Bill 2289 does not contain that title.   To the extent that a further response is required, it is denied.

**(No Exclusivity Requirements)**

65.     The allegations in paragraph 58 contain legal conclusions and do not require answers.   The statute cited and quoted by Plaintiffs speak for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

66.     The allegations in paragraph 59 contain legal conclusions and do not require answers.   The case cited by Plaintiffs speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

67.     The allegation in paragraph 60 contains a legal conclusion and does not require an answer.   Senate Bill 2289 speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

68.     The allegations in paragraph 61 contains a legal conclusion and does not require an answer.   Senate Bill 2289 speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

69.     The allegations in paragraph 62 contain legal conclusions and do not require answers.   Defendants deny the title "No Exclusivity Requirements Provisions" given by the Plaintiffs.   Senate Bill 2289 does not contain that title.   Senate Bill 2289 speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

70.     The allegation in paragraph 63 contains a legal conclusion and does not require an answer.   Defendants deny the title "No Exclusivity Requirements Provisions"

given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

72.    The allegations in paragraph 64 contain legal conclusions and do not require answers.  Defendants deny the title "No Exclusivity Requirements Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  To the extent that a further response is required, it is denied.

72.    The allegations in paragraph 65 contain legal conclusions and do not require answers.  Defendants deny the title "No Exclusivity Requirements Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

73.    The allegations in paragraph 66 contain legal conclusions and do not require answers.  Defendants deny the titles "No Required Separation of Trademarks, No Enforcement of Appearance Standards, No Enforcement of Performance Standards, No Minimum Inventory or Order, and Forced Transfer of Trademark License Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  To the extent that a further response is required, it is denied.

**(Forced Transfer of Trademark License)**

74.    Defendants do not have sufficient information to admit or deny the allegations in paragraph 67, sentences 1, 2, and 3.  The allegations in paragraph 67, sentences 4 and 5 contain legal conclusions and do not require answers.  To the extent that a further response is required, it is denied.

75.    The allegations in paragraph 68 contain legal conclusions and do not require answers.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

76.    The allegations in paragraph 69 contain legal conclusions and do not require answers.   Defendants deny the title "Forced Trademark License Transfer Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

77.    The allegation in paragraph 70 speaks for itself and Exhibit E is the best evidence of its contents.  To the extent that a further response is required, it is denied.

78.    Defendants do not have sufficient information to admit or deny the allegation in paragraph 71, sentence 1.   The remaining allegations in paragraph 71 contain legal conclusions and do not require answers.   Defendants deny the title "Forced Trademark License Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

(No Control Over Dealer Locations)

79.    The allegation in paragraph 72 speaks for itself and Senate Bill 2289 is the best evidence of its contents.

80.    The allegation in paragraph 73 speaks for itself and Senate Bill 2289 is the best evidence of its contents.

81.    The allegation in paragraph 74 speaks for itself and Senate Bill 2289 is the best evidence of its contents.  Defendants deny the title "No Control Over Dealer Locations Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

82.    The allegation in paragraph 75 contains a legal conclusion and does not require an answer.   Defendants deny the title "No Control Over Dealer Locations Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate

Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

83.    The allegations in paragraph 76 contain legal conclusions and do not require answers.   Defendants deny the title "No Control Over Dealer Locations Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

### (Enabling Warranty and Incentive Payment Fraud)

84.    The allegation in paragraph 77 speaks for itself and Senate Bill 2289 is the best evidence of its contents.   Defendants deny the title "Enabling Warranty and Incentive Payment Fraud Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.   Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

85.    The allegation in paragraph 78 contains a legal conclusion and does not require an answer.   Defendants deny the title "Enabling Warranty and Incentive Payment Fraud Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

86.    The allegations in paragraph 79 contain legal conclusions and do not require answers.  Defendants deny the title "Enabling Warranty and Incentive Payment Fraud Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title. Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

87.    The allegation in paragraph 80 contains a legal conclusion and does not require an answer.   Defendants deny the title "Enabling Warranty and Incentive Payment Fraud Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain

that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

### (Retroactive Impairment of Existing Warranties)

88.    The allegation in paragraph 81 contains a legal conclusion and does not require an answer.  The statute cited speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

89.    Defendants do not have sufficient information to admit or deny the allegations in paragraph 82.

90.    The allegations in paragraph 83 contain legal conclusions and do not require an answer.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

91.    The allegations in paragraph 84 contain legal conclusions and do not require an answer.  Defendants deny the title "Retroactive Impairment of Existing Warranties Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  The statute cited speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

92.    The allegations in paragraph 85 contain legal conclusions and do not require an answer.  Senate Bill 2289 speaks for itself and it the best evidence of its contents.  To the extent that a further response is required, it is denied.

### (Retroactive Impairment of Existing Contracts)

93.    The allegations in paragraph 86 contain legal conclusions and do not require an answer.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

94.    The allegations in paragraph 87 contain legal conclusions and do not require an answer.  Defendants deny the titles "No Required Separation of Trademarks, No Exclusivity Requirements, No Enforcement of Performance Standards, No Enforcement of Appearance Standards, No Minimum Inventory or Order Requirements,

18

No Control Over Dealer Locations, No Market Withdrawal, the Interstate Price Regulation, the No Arbitration, and the Enabling Warranty and Incentive Payment Fraud Provisions of Senate Bill 2289" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

95.    Defendants deny the title "Retroactive Impairment of Existing Contracts Provision" given by the Plaintiffs in paragraph 88, sentence 1.  Senate Bill 2289 does not contain that title.  The remaining allegation and quotes in paragraph 88 speak for themselves and do not require answers.  To the extent that a further response is required, it is denied.

96.    Defendants do not have sufficient information to admit or deny the allegation in paragraph 89.

**(No Arbitration)**

97.    The allegation in paragraph 90 speaks for itself and Senate Bill 2289 is the best evidence of its contents.  Defendants deny the title "No Arbitration Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.

98.    The allegation in paragraph 91 contains a legal conclusion and does not require an answer.  Defendants deny the title "No Arbitration Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

99.    The allegation in paragraph 92 contains a legal conclusion and does not require an answer.  Defendants deny the title "No Arbitration Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

100.    The allegation in paragraph 93 contains a legal conclusion and does not require an answer.   Defendants deny the title "No Arbitration Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

**(No Market Withdrawal)**

101.    The allegations in paragraph 94 contain legal conclusions and do not require answers.   The cited statute speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

102.    The allegations in paragraph 95 contain legal conclusions and do not require answers.   Defendants deny the title "No Market Withdrawal" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

103.    The allegation in paragraph 96 contains a legal conclusion and does not require an answer.   Defendants deny the title "No Market Withdrawal" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

104.    The allegations in paragraph 97 contain legal conclusions and do not require answers.   Defendants deny the title "No Market Withdrawal" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

105.    The allegations in paragraph 98 contain legal conclusions and do not require answers.   Defendants deny the title "No Market Withdrawal" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself

and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

**(Interstate Price Regulation)**

106.   The allegation in paragraph 99 contains a legal conclusion and does not require an answer.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

107.   The allegation in paragraph 100 contains a legal conclusion and does not require an answer.  The quoted federal statute in paragraph 100 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

108.   The allegation in paragraph 101 contains a legal conclusion and does not require an answer.  Defendants deny the title "Interstate Price Regulation" given by the Plaintiffs.  Senate Bill 2289 does not contain that title. Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

109.   The allegation in paragraph 102 contains a legal conclusion and does not require an answer.  Defendants deny the title "Interstate Price Regulation" given by the Plaintiffs.  Senate Bill 2289 does not contain that title. Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

110.   The allegation in paragraph 103 contains a legal conclusion and does not require an answer.  Defendants deny the title "Interstate Price Regulation" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  To the extent that a further response is required, it is denied.

111.   Defendants do not have sufficient information to admit or deny the allegation in paragraph 104, sentence 1.  The allegation in paragraph 104, sentence 2

contains a legal conclusion and does not require an answer.  To the extent that a further response is required, it is denied.

112.   The allegation in paragraph 105 contains a legal conclusion and does not require an answer.  To the extent that a further response is required, it is denied.

### The Offending Provisions' Adverse Effects on Manufacturers

113.   The allegations in paragraph 106 contain legal conclusions and do not require answers.  To the extent that a further response is required, it is denied.

### Impairment of Existing Dealership Agreements

114.   The allegation in paragraph 107, sentence 1 is a legal conclusion and does not require an answer.  The summary attached as Exhibit F speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

115.   The allegation in paragraph 108 contains a legal conclusion and does not require an answer.  To the extent that a further response is required, it is denied.

### LEGAL BASES FOR INVALIDATING SENATE BILL 2289

### Lanham Act Preemption

116.   Defendants deny the allegation in paragraph 109, sentence 1.  The remaining allegations in paragraph 109 contain legal conclusions and do not require answers.  To the extent that a further response is required, it is denied.

117.   Defendants do not have sufficient information to admit or deny the allegation in paragraph 110, sentence 1.  The allegations in paragraph 110, sentence 2 contains a legal conclusion and does not require an answer.  The quote in paragraph 110 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

118.   The allegations in paragraph 111 contain legal conclusions and do not require answers.  The statutes and cases cited in paragraph 111 speak for themselves

and are the best evidence of their contents. To the extent that a further response is required, it is denied.

119.   The allegations in paragraph 112 contain legal conclusions and do not require answers. The case quoted in paragraph 112 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

120.   The allegations in paragraph 113 contain legal conclusions and do not require answers. The cases quoted in paragraph 113 speak for themselves and are the best evidence of their contents. To the extent that a further response is required, it is denied.

121.   The allegations in paragraph 114 contain legal conclusions and do not require answers. The case quoted in paragraph 114 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

122.   The allegation in paragraph 115 speaks for itself and the United States Constitution is the best evidence of its contents.

123.   The allegation in paragraph 116 is a legal conclusion and does not require an answer. The statute quoted in paragraph 116 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

124.   The allegation in paragraph 117 contains a legal conclusion and does not require an answer. The statute quoted in paragraph 117 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

125.   The allegation in paragraph 118 contains a legal conclusion and does not require an answer. The case quoted in paragraph 118 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

126.   The allegations in paragraph 119 contain legal conclusions and do not require answers. The cases quoted in paragraph 119 speak for themselves and are the

best evidence of their contents.  To the extent that a further response is required, it is denied.

127.   The allegations in paragraph 120 contain legal conclusions and do not require answers.  Defendants deny the titles "No Required Separation of Trademarks, No Exclusivity Requirements, No Enforcement of Performance Standards, No Enforcement of Appearance Standards, No Minimum Inventory or Order Requirements, and Forced Trademark License Transfer Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

128.   The allegation in paragraph 121 contains a legal conclusion and does not require an answer.  Defendants deny the title "No Required Separation of Trademarks Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title. Senate Bill 2289 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

129.   The allegations in paragraph 122 contain legal conclusions and do not require answers.  Defendants deny the title "No Exclusivity Requirements Provisions" given by Plaintiffs.  Senate Bill 2289 does not contain that title. Senate Bill 2289 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

130.   The allegation in paragraph 123, sentence 1 is denied.  Defendants admit that Exhibit D contains the quoted statement, but denies that it represents the entire legislative intent behind Senate Bill 2289.  Defendants clarify the Plaintiffs' misspelling of the quoted North Dakota Representative as "Cindy Schreiber Beck" rather than "Cindy Schreiber Deck."

131.   The allegation in paragraph 124 is a legal conclusion and does not require an answer.  Defendants deny the titles "No Required Separation of Trademarks and No Exclusivity Requirements Provisions" given by the Plaintiffs.  Senate Bill 2289 does not

contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

132.   The allegations in paragraph 125 contain legal conclusions and do not require answers.  Defendants deny the title "No Enforcement of Performance Standards Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

133.   The allegations in paragraph 126 contain legal conclusions and do not require answers.  Defendants deny the title "No Enforcement of Appearance Standards Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

134.   The allegations in paragraph 127 contain legal conclusions and do not require answers.   Defendants deny the title "No Minimum Inventory or Order Requirements Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title. Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

135.   The allegation in paragraph 128 contains a legal conclusion and does not require an answer.   Defendants deny the title "Forced Trademark License Transfer Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title. Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

136.   The allegations in paragraph 129 contain legal conclusions and do not require answers.  Defendants deny the titles "No Required Separation of Trademarks, No Enforcement of Appearance Standards, No Enforcement of Performance Standards, No Minimum Inventory or Order Requirements, No Exclusivity Requirements, and Forced Transfer of Trademark License Provisions" given by the Plaintiffs.  Senate Bill

2289 does not contain those titles.   Senate Bill 2289 and the cited federal statutes speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

### (Senate Bill 2289 Enables Trademark Infringement)

137.   The allegation in paragraph 130 contains a legal conclusion and does not require an answer.   The quoted passage speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

138.   The allegations in paragraph 131 contain legal conclusions and do not require answers.   Defendants deny the title "Impaired Trademarks" given by the Plaintiffs.   Senate Bill 2289 does not contain that title. Senate Bill 2289, the quoted passage, and the quoted cases speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

139.   The allegations in paragraph 132 contain legal conclusions and do not require answers.   Defendants deny the title "Trademark License Impairment Provisions" given by the Plaintiffs.   Senate Bill 2289 does not contain that title.   The quoted cases speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

140.   The allegations in paragraph 133 contain legal conclusions and do not require answers.   Defendants deny the titles "Impaired Trademarks" and "Trademark License Impairment Provisions" given by the Plaintiffs.   Senate Bill 2289 does not contain those titles.   Senate Bill 2289 and the cited federal statute speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

### (Senate Bill 2289 Enables Unfair Competition)

141.   The allegations in paragraph 134 contain legal conclusions and do not require answers.   Defendants deny the titles "Impaired Trademarks" and "Trademark License Impairment Provisions" given by the Plaintiffs.   Senate Bill 2289 does not

contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

142.   Defendants do not have sufficient information to admit or deny whether "Such use is likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of the goods and services offered by the North Dakota farm equipment dealers" in the first part of paragraph 135, sentence 1.  The remaining part of paragraph 135, sentence 1 contains a legal conclusion and does not require an answer. Senate Bill 2289 and the cited federal statute speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

143.   The allegation in paragraph 136 contains a legal conclusion and does not require an answer.   Defendants deny the title "Trademark License Impairment Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 and the cited federal statute speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

**(Senate Bill 2289 Enables Trademark Dilution)**

144.   Defendants do not have sufficient information to admit or deny the allegation in paragraph 137.  Defendants deny the title "Impairment Trademarks" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  To the extent that a further response is required, it is denied.

145.   The allegation in paragraph 138 contains a legal conclusion and does not require an answer.   Defendants deny the title "Trademark License Impairment Provisions" and "Impaired Trademarks" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.   Senate Bill 2289 and the cited federal statute speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

## Takings Clause

146.   The allegation in paragraph 139 contains a legal conclusion and does not require an answer.  The referenced clause in the U.S. Constitution speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

147.   The allegation in paragraph 140 contains a legal conclusion and does not require an answer.  The cited case speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

148.   The allegation in paragraph 141 contains a legal conclusion and does not require an answer.  The cited case speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

149.   The allegations in paragraph 142 contain legal conclusions and do not require answers. The cited case speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

150.   The allegations in paragraph 143 contain legal conclusions and do not require answers.  Defendants deny the title "Trademark License Impairment Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

151.   Defendants do not have sufficient information to admit or deny the allegations in paragraph 144.  To the extent that a further response is required, it is denied.

152.   The allegations in paragraph 145 contain legal conclusions and do not require answers.  Defendants deny the title "Trademark License Impairment Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  The cited case speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

153.    The allegation in paragraph 146 contains a legal conclusion and does not require an answer.  Senate Bill 2289 and the cited case speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

154.    Defendants do not have sufficient information to admit or deny whether compensation "has been made or promised to any Manufacturer" in the first part of paragraph 147, sentence 1.  The second part of paragraph 147, sentence 1 is a legal conclusion and does not require an answer. Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

155.    Defendants do not have sufficient information to admit or deny the allegation in paragraph 148.

## Contracts Clause

156.    Defendants do not have sufficient information to admit or deny the allegation in paragraph 149.

157.    Defendants do not have sufficient information to admit or deny the allegation in paragraph 150.

158.    Defendants do not have sufficient information to admit or deny the allegation in paragraph 151.

159.    Defendants do not have sufficient information to admit or deny the allegation in paragraph 152.  Moreover, the allegation contains a legal conclusion and does not require an answer.

160.    The allegation in paragraph 153 speaks for itself and the United States Constitution is the best evidence of its contents.

161.    The allegations in paragraph 154 contain legal conclusions and do not require answers. Senate Bill 2289 and the quoted case speak for themselves and are

the best evidence of their contents.  To the extent that a further response is required, it is denied.

162.   The allegations in paragraph 155 contain legal conclusions and do not require answers.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

163.   Defendants do not have sufficient information to admit or deny the allegation in paragraph 156, sentence 1.  The remaining allegations in paragraph 156 contain legal conclusions and do not require answers.  Defendants deny the titles "No Minimum Inventory or Order Requirements and No Required Separation of Trademarks Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

164.   Defendants do not have sufficient information to admit or deny the allegations in paragraph 157, sentence 1.  The remaining allegations in paragraph 157 contain legal conclusions and do not require answers.  Defendants deny the titles "No Market Withdrawal and No Control Over Dealer Locations Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

165.   Defendants do not have sufficient information to admit or deny the allegations in paragraph 158, sentence 1.  The remaining allegations in paragraph 158 contain legal conclusions and do not require answers.  Defendants deny the titles "No Enforcement of Performance Standards, No Enforcement of Appearance Standards, No Required Separation of Trademarks, and No Control Over Dealer Locations Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

166.   Defendants do not have sufficient information to admit or deny the allegations in paragraph 159, sentence 1.  The remaining allegations in paragraph 159 contain legal conclusions and do not require answers.  Defendants deny the titles "No Minimum Inventory or Order Requirements Provisions" and "Retroactive Impairment of Existing Contracts Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

167.   Defendants do not have sufficient information to admit or deny the allegations in paragraph 160, sentence 1.  The remaining allegations in paragraph 160 contain legal conclusions and do not require answers.  Defendants deny the titles "No Arbitration Provision" and "Retroactive Impairment of Existing Contracts Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

168.   Defendants do not have sufficient information to admit or deny the allegations in paragraph 161, sentence 1.  The remaining allegations in paragraph 161 contain legal conclusions and do not require answers.  Defendants deny the titles "Enabling Warranty and Incentive Payment Fraud Provision" and "Retroactive Impairment of Existing Contracts" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

169.   Defendants do not have sufficient information to admit or deny the allegations in paragraph 162, sentences 1 and 3.  The allegation in paragraph 162, sentence 2 is a legal conclusion and does not require an answer.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

170.   The allegations in paragraph 163 are denied.

171.    The allegations in paragraph 164 contain legal conclusions and do not require answers.  The quoted case speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

172.    The allegation in paragraph 165, sentence 1 is denied.  The allegation in paragraph 165, sentence 2 is admitted to the extent that Senator Jerry Klein stated "level playing field to our implement dealers[,]" but denies that this represented the legislative intent of Senate Bill 2289.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.

173.    The allegations in paragraph 166 contain legal conclusions and do not require answers.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

## Dormant Commerce Clause

### (Undue Burden on Interstate Commerce)

174.    The allegation in paragraph 167 contains a legal conclusion and does not require an answer.  The cited case speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

175.    The allegations in paragraph 168 contain legal conclusions and do not require answers.   To the extent that a further response is required, it is denied. Defendants deny the titles "No Minimum Inventory or Order Requirements, No Control Over Dealer Locations, No Market Withdrawal, and Interstate Price Regulation Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles. Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

176.    The allegations in paragraph 169 contain legal conclusions and do not require answers.    Defendants deny the title "No Minimum Inventory or Order Requirements Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that

title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

177.   The allegations in paragraph 170 contain legal conclusions and do not require answers.   Defendants deny the title "No Control Over Dealer Locations Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

178.   The allegations in paragraph 171 contain legal conclusions and do not require answers.  Defendants deny the title "No Market Withdrawal Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

179.   The allegations in paragraph 172 contain legal conclusions and do not require answers.  Defendants deny the title "Interstate Price Regulation Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

180.   The allegations in paragraph 173 contain legal conclusions and do not require answers.   Defendants deny the titles "No Minimum Inventory or Order Requirements, No Control Over Dealer Locations, No Market Withdrawal, and Interstate Price Regulation Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

181.   The allegation in paragraph 174 is a legal conclusion and does not require an answer.  The quoted case speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

182.   The allegations in paragraph 175 contain legal conclusions and do not require answers.   Defendants deny the titles "No Minimum Inventory or Order Requirements, No Control Over Dealer Locations, No Market Withdrawal, and Interstate Price Regulation Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

### Federal Arbitration Act Preemption

183.   The allegation in paragraph 176 speaks for itself and the United States Constitution is the best evidence of its contents.

184.   The allegation in paragraph 177 speaks for itself and the Federal Arbitration Act is the best evidence of its contents.

185.   The allegation in paragraph 178 is a legal conclusion and does not require an answer.  To the extent that a further response is required, it is denied.

186.   The allegation in paragraph 179 is a legal conclusion and does not require an answer.  The quoted Act and quoted case speak for themselves and are the best evidence of their contents.

187.   Defendants do not have sufficient information to admit or deny the allegations in paragraph 180, sentences 1 through 3.  The allegations in paragraph 180, sentence 4 contain legal conclusions and do not require answers.  To the extent that a further response is required, it is denied.

188.   The allegations in paragraph 181 contain legal conclusions and do not require answers.   Defendants deny the title "No Arbitration Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title. Senate Bill 2289 speaks for itself and is the best evidence of its contents.    To the extent that a further response is required, it is denied.

189.   The allegation in paragraph 182 is a legal conclusion and does not require an answer.   The cited Act and cited cases speak for themselves and are the best

evidence of their contents.

190.    The allegation in paragraph 183 is a legal conclusion and does not require an answer.   The cited Act and cited cases speak for themselves and are the best evidence of their contents.

## Robinson-Patman Act Preemption

191.    The allegation in paragraph 184 is a legal conclusion and does not require an answer.   Defendants deny the title "Interstate Price Regulation Provision" given by the Plaintiffs.   Senate Bill 2289 does not contain that title.    Senate Bill 2289 speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

192.    The allegation in paragraph 185 is a legal conclusion and does not require an answer.   The cited statute speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

193.    The allegation in paragraph 186 is a legal conclusion and does not require an answer.   The cited statute speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

194.    The allegation in paragraph 187 is a legal conclusion and does not require an answer.   Senate Bill 2289 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

195.    The allegation in paragraph 188 is a legal conclusion and does not require an answer.   The cited Act speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

196.    Defendants do not have sufficient information to admit or deny the allegation in paragraph 189, sentence 1.   The remaining allegations in paragraph 189 contain legal conclusions and do not require answers.   The cited Act and cases speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

197.    The allegation in paragraph 190 is a legal conclusion and does not require an answer.  Senate Bill 2289 and the cited Act speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

198.    The allegations in paragraph 191 contain legal conclusions and do not require answers.  Senate Bill 2289 and the cited Act speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

199.    The allegations in paragraph 192 are legal conclusions and do not require answers.  Senate Bill 2289 and the cited Act speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

200.    The allegation in paragraph 193 is denied.  Senate Bill 2289 and the cited Act speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

201.    The allegation in paragraph 194 speaks for itself and the United States Constitution is the best evidence of its contents.

202.    The allegation in paragraph 195 is a legal conclusion and does not require an answer.  The cited case speaks for itself and is the best evidence of their contents.  To the extent that a further response is required, it is denied.

203.    The allegations in paragraph 196 are denied.  Defendants also deny the title "Interstate Price Regulation Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.

## COUNT ONE

### Federal Arbitration Act Preemption

### Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

204.    In relation to paragraph 197, Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

205.   The allegations in paragraph 198 contain legal conclusions and do not require answers.   Defendants deny the title "No Arbitration Provision" given by the Plaintiffs.   Senate Bill 2289 does not contain that title.   Senate Bill 2289 and the cited Act speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

206.   The allegation in paragraph 199 is a legal conclusion and does not require an answer.   Senate Bill 2289 and the cited Act speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

## COUNT TWO

### Federal Arbitration Act Preemption

### 42 U.S.C. § 1983

207.   In relation to paragraph 200, Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

208.   The allegation in paragraph 201 is a legal conclusion and does not require an answer.   Defendants deny the title "No Arbitration Provision" given by the Plaintiffs. Senate Bill 2289 does not contain that title.   Senate Bill 2289 and the cited Act speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

209.   The allegation in paragraph 202 is a legal conclusion and does not require an answer.   To the extent that a further response is required, Defendants will faithfully perform all constitutional, statutory, regulatory, and other lawful duties that are associated with their respective elected offices.

210.   The allegations in paragraph 203 contain legal conclusions and do not require an answer.   Defendants deny the title "No Arbitration Provision" given by the Plaintiffs.   Senate Bill 2289 does not contain that title.   Senate Bill 2289 speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

37

211.   The allegation in paragraph 204 contains a legal conclusion and does not require an answer.  To the extent that a further response is required, it is denied.

### COUNT THREE

### Lanham Act Preemption

### Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

212.   In relation to paragraph 205, Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

213.   Defendants do not have sufficient information to admit or deny the allegations in paragraph 206.  To the extent that a further response is required, it is denied.

214.   The allegations in paragraph 207 contain legal conclusions and do not require an answer.  Defendants deny the titles "No Required Separation of Trademarks, No Exclusivity Requirements, No Enforcement of Performance Standards, No Enforcement of Appearance Standards, No Minimum Inventory or Order Requirements, and Forced Trademark License Transfer Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

215.   The allegations in paragraph 208 contain legal conclusions and do not require an answer.  Defendants deny the titles "No Required Separation of Trademarks, No Exclusivity Requirements, No Enforcement of Performance Standards, No Enforcement of Appearance Standards, No Minimum Inventory or Order Requirements, and Forced Trademark License Transfer Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

## COUNT FOUR

## Lanham Act Preemption

## 42 U.S.C. § 1983

216.   In relation to paragraph 209, Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

217.   The allegations in paragraph 210 contain legal conclusions and do not require an answer.  Defendants deny the titles "No Required Separation of Trademarks, No Exclusivity Requirements, No Enforcement of Performance Standards, No Enforcement of Appearance Standards, No Minimum Inventory or Order Requirements, and Forced Trademark License Transfer Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.   Senate Bill 2289 and the cited Act speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

218.   The allegations in paragraph 211 contain legal conclusions and do not require an answer.  Defendants deny the titles "No Required Separation of Trademarks, No Exclusivity Requirements, No Enforcement of Performance Standards, No Enforcement of Appearance Standards, No Minimum Inventory or Order Requirements, and Forced Trademark License Transfer Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  To the extent that a further response is required, Defendants will faithfully perform all constitutional, statutory, regulatory, and other lawful duties that are associated with their respective elected offices.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.

219.   The allegations in paragraph 212 contain legal conclusions and do not require an answer.  Defendants deny the titles "No Required Separation of Trademarks, No Exclusivity Requirements, No Enforcement of Performance Standards, No Enforcement of Appearance Standards, No Minimum Inventory or Order Requirements, and Forced Trademark License Transfer Provisions" given by the Plaintiffs.  Senate Bill

2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  Senate Bill 2289 and the cited Act speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

220.   The allegation in paragraph 213 contains a legal conclusion and does not require an answer.  To the extent that a further response is required, it is denied.

## COUNT FIVE

### Alternative Claim Under the Takings Clause

### Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

221.   In relation to paragraph 214, Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

222.   The allegations in paragraph 215 contain legal conclusions and do not require an answer.  Defendants deny the titles "No Required Separation of Trademarks, No Exclusivity Requirements, No Enforcement of Performance Standards, No Enforcement of Appearance Standards, No Minimum Inventory or Order Requirements, and Forced Trademark License Transfer Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.   Senate Bill 2289, the cited Act, and cited Constitutional Clause speak for themselves and are the best evidence of their contents. To the extent that a further response is required, it is denied.

223.   The allegations in paragraph 216 contain legal conclusions and do not require an answer.  Defendants deny the titles "No Required Separation of Trademarks, No Exclusivity Requirements, No Enforcement of Performance Standards, No Enforcement of Appearance Standards, No Minimum Inventory or Order Requirements, and Forced Trademark License Transfer Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 and cited Constitutional Clause speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

## COUNT SIX

### Contracts Clause

### Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

224.    In relation to paragraph 217, Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

225.    The allegations in paragraph 218 contain legal conclusions and do not require an answer.   Defendants deny the title "Offending Provisions" given by the Plaintiffs.   Senate Bill 2289 does not contain that title.   Senate Bill 2289 and cited Constitutional Clause speak for themselves and are the best evidence of their contents. To the extent that a further response is required, it is denied.

226.    The allegations in paragraph 219 contain legal conclusions and do not require an answer.   Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

227.    The allegations in paragraph 220 contain legal conclusions and do not require an answer.   Defendants deny the title "Offending Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.   To the extent that a further response is required, it is denied.

## COUNT SEVEN

### Contracts Clause

### 42 U.S.C. § 1983

228.    In relation to paragraph 221, Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

229.    The allegations in paragraph 222 contain legal conclusions and do not require an answer.   Defendants deny the title "Offending Provisions" given by the Plaintiffs.   Senate Bill 2289 does not contain that title. Senate Bill 2289 and cited

Constitutional Clause speak for themselves and are the best evidence of their contents. To the extent that a further response is required, it is denied.

230.   The allegations in paragraph 223 contain legal conclusions and do not require an answer.   Defendants deny the title "Offending Provisions" given by the Plaintiffs.   Senate Bill 2289 does not contain that title.   To the extent that a further response is required, Defendants will faithfully perform all constitutional, statutory, regulatory, and other lawful duties that are associated with their respective elected offices.

231.   The allegations in paragraph 224 contain legal conclusions and do not require an answer.   Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

232.   The allegations in paragraph 225 contain legal conclusions and do not require an answer.  To the extent that a further response is required, it is denied.

## COUNT EIGHT

### Dormant Commerce Clause

### Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

233.   In relation to paragraph 226, Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

234.   The allegations in paragraph 227 contain legal conclusions and do not require an answer.   Defendants deny the titles "No Minimum Inventory or Order Requirements, No Control Over Dealer Locations, No Market Withdrawal, and Interstate Price Regulation Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

235.   The allegations in paragraph 228 contain legal conclusions and do not require an answer.   Defendants deny the titles "No Minimum Inventory or Order Requirements, No Control Over Dealer Locations, No Market Withdrawal, and Interstate

42

Price Regulation Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 and cited Constitutional Clause speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

236.   The allegations in paragraph 229 contain legal conclusions and do not require an answer.   Defendants deny the titles "No Minimum Inventory or Order Requirements, No Control Over Dealer Locations, No Market Withdrawal, and Interstate Price Regulation Provisions" given by the Plaintiffs.    Senate Bill 2289 does not contain those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents. To the extent that a further response is required, it is denied.

## COUNT NINE

### Dormant Commerce Clause

### 42 U.S.C. § 1983

237.   In relation to paragraph 230, Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

238.   The allegations in paragraph 231 contain legal conclusions and do not require an answer.   Defendants deny the titles "No Minimum Inventory or Order Requirements, No Control Over Dealer Locations, No Market Withdrawal, and Interstate Price Regulation Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  Senate Bill 2289 and cited Constitutional Clause speak for themselves and are the best evidence of their contents.   To the extent that a further response is required, it is denied.

239.   The allegations in paragraph 232 contain legal conclusions and do not require an answer.   Defendants deny the titles "No Minimum Inventory or Order Requirements, No Control Over Dealer Locations, No Market Withdrawal, and Interstate Price Regulation Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain

those titles.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

240.   The allegations in paragraph 233 contain legal conclusions and do not require an answer.   Defendants deny the titles "No Minimum Inventory or Order Requirements, No Control Over Dealer Locations, No Market Withdrawal, and Interstate Price Regulation Provisions" given by the Plaintiffs.  Senate Bill 2289 does not contain those titles.  To the extent that a further response is required, Defendants will faithfully perform all constitutional, statutory, regulatory, and other lawful duties that are associated with their respective elected offices.

241.   The allegations in paragraph 234 contain legal conclusions and do not require an answer.  To the extent that a further response is required, it is denied.

## COUNT TEN

### Robinson-Patman Act Preemption

### Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

242.   In relation to paragraph 235, Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

243.   The allegation in paragraph 236 is a legal conclusions and does not require an answer.  Defendants denies the title "Interstate Price Regulation Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 and cited Act speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

## COUNT ELEVEN

### Robinson-Patman Act Preemption

### 42 U.S.C. § 1983

244.   In relation to paragraph 237, Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

245.   The allegations in paragraph 238 contain legal conclusions and do not require an answer.  Defendants deny the title "Interstate Price Regulation Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 and cited Act speak for themselves and are the best evidence of their contents.  To the extent that a further response is required, it is denied.

246.   The allegations in paragraph 239 contain legal conclusions and do not require an answer.  Defendants deny the title "Interstate Price Regulation Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  To the extent that a further response is required, Defendants will faithfully perform all constitutional, statutory, regulatory, and other lawful duties that are associated with their respective elected offices.

247.   The allegations in paragraph 240 contain legal conclusions and do not require an answer.  Defendants deny the title "Interstate Price Regulation Provision" given by the Plaintiffs.  Senate Bill 2289 does not contain that title.  Senate Bill 2289 speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, it is denied.

248.   The allegation in paragraph 241 contain a legal conclusion and does not require an answer.  To the extent that a further response is required, it is denied.

## **PRAYER FOR RELIEF**

249.   The remainder of the Complaint, after "Prayer For Relief," contains Plaintiff's prayers for relief to which no answers are required. The allegations in paragraphs "A" through "I" contain legal conclusions and do not require answers.  To the extent that answers are required, the Attorney General denies the allegations in Plaintiff's prayers for relief in the remainder of the Complaint, after Prayer for Relief," and further avers that Plaintiff is not entitled to any relief in this action.  To the extent that further responses are required, they are denied.

45

## DEMAND FOR JURY TRIAL

250.    The demand for a jury trial in an unnumbered paragraph is a legal conclusion and does not require an answer.

## GENERAL DENIAL

251.    Except as specifically admitted or qualified within this Answer, the Attorney General denies each and every allegation of the Complaint.  To the extent that any allegation in the Complaint is in any way inconsistent with a referenced statutory Chapter, referenced statutory provision, or referenced judicial ruling, the Attorney General denies that allegation.  To the extent that an answer is required to any allegation in the Complaint and an answer or qualified answer was not provided, the Attorney General denies that allegation. To the extent that Plaintiffs give improper titles to provisions within Senate Bill 2289 and Senate Bill 2289 does not explicitly contain those titles, Defendants deny those titles given by the Plaintiffs.

## DEFENSES

Without limiting or waiving any defenses currently available to the Attorney General or potentially available anytime during this litigation, the Attorney General asserts the following defenses:

1.      All Plaintiffs, some Plaintiffs, or a Plaintiff lack standing to bring this action.

2.      All Plaintiffs', some Plaintiffs', or a Plaintiff's claims are barred by res judicata and/or estopple.

3.      All Plaintiffs, some Plaintiffs, or a Plaintiff fail to state a claim upon which relief can be granted.

4.      All Plaintiffs', some Plaintiffs', or a Plaintiff's claims are subject to abstention.

The Attorney General may have additional affirmative defenses or other defenses which are not known at this time but which may become known when Plaintiffs later might provide additional specificity and clarify their claims.  The Attorney General

gives notice that other affirmative defenses or other defenses, if and when such defenses become known during the course of discovery or at other times during this litigation, may be relied upon, and reserves the right to amend this Answer to assert each and every affirmative defense or other defense that may become known or available, including, but not limited to, any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

## REQUESTED RELIEF

WHEREFORE, the Attorney General respectfully asks that the Court:

a.      Deny Plaintiffs the relief they request.

b.      Dismiss the Complaint with prejudice.

c.      Grant such other additional further relief it deems proper and just.

Dated this 28th day of September, 2017.

Wayne K. Stenehjem
State of North Dakota
Attorney General


By:      /s/  J.P. Bialke                                 
J.P. Bialke
Assistant Attorney General
State Bar ID No.  04861
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
Email jbialke@nd.gov


By:      /s/  Nathan J. Svihovec            
Nathan J. Svihovec
Assistant Attorney General
State Bar ID No.  08332
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
Email njsvihovec@nd.gov


Attorneys for Defendant.