**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| Association of Equipment ) | |
| Manufacturers, ) | |
| AGCO Corporation, ) | **Case No. 1:17-cv-151** |
| CNH Industrial America LLC, ) | |
| Deere & Company, and ) | |
| Kubota Tractor Corporation ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| The Hon. Doug Burgum, Governor ) | |
| of the State of North Dakota, in his ) | |
| Official Capacity, and ) | |
| The Hon. Wayne Stenehjem, Attorney ) | |
| General of the State of North Dakota, ) | |
| in his Official Capacity ) | |
| ) | |
| Defendants, ) | |
| ) | |
| North Dakota Implement Dealers ) | |
| Association ) | |
| ) | |
| Intervenor. ) | |

**NORTH DAKOTA IMPLEMENT DEALERS ASSOCATION'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Intervenor, the North Dakota Implement Dealers Association (hereinafter, "NDIDA"), pursuant to this Court's Order Granting NDIDA's Motion to Intervene, hereby submits this Answer to the Plaintiffs' Complaint. See Docket No. 41.

**NATURE OF ACTION**

1.      NDIDA states that Exhibit A speaks for itself and the allegations contained within paragraph 1 of the Complaint constitute legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

2.     NDIDA states that the text of Senate Bill 2289 and Sections 51-07-01.2, 51-07-02.2, and 51-26-6 speaks for themselves.

3.     NDIDA states that the allegations contained within paragraph 3 of the Complaint constitute legal conclusions to which no response is required.

4.     NDIDA states that the allegations contained within paragraph 4 of the Complaint constitute legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

5.     NDIDA states that the allegations contained within paragraph 5 of the Complaint constitute legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

   a.     NDIDA states that the allegations contained within paragraph 5(a) of the Complaint constitute legal conclusions to which no response is required.  NDIDA further states that the text of Senate Bill 2289 speaks for itself.  To the extent a further response is deemed required, NDIDA denies those allegations.

   b.     NDIDA states that the allegations contained within paragraph 5(b) of the Complaint constitute legal conclusions to which no response is required.  NDIDA further states that the text of Senate Bill 2289 speaks for itself.  To the extent a further response is deemed required, NDIDA denies those allegations.

   c.     NDIDA states that the allegations contained within paragraph 5(c) of the Complaint constitute legal conclusions to which no response is required.  NDIDA further states that the text of Senate Bill 2289 speaks for itself.  To the extent a further response is deemed required, NDIDA denies those allegations.

     d.     NDIDA states that the allegations contained within paragraph 5(d) of the Complaint constitute legal conclusions to which no response is required. NDIDA further states that the text of Senate Bill 2289 speaks for itself. To the extent a further response is deemed required, NDIDA denies those allegations.

     e.     NDIDA states that the allegations contained within paragraph 5(e) of the Complaint constitute legal conclusions to which no response is required. NDIDA further states that the text of Senate Bill 2289 speaks for itself. To the extent a further response is deemed required, NDIDA denies those allegations.

## PARTIES

### The Manufacturers

#### (AEM)

6.     NDIDA admits the first sentence of paragraph 6. NDIDA further admits that AEM is a trade association, but NDIDA is without knowledge as to the remaining allegations in paragraph 6 and therefore denies same.

7.     NDIDA states that the allegations contained within paragraph 7 of the Complaint constitute legal conclusions to which no response is required. NDIDA further states that the text of Senate Bill 2289 speaks for itself. To the extent a further response is deemed required, NDIDA denies those allegations.

#### (AGCO)

8.     NDIDA admits the first sentence of paragraph 8. NDIDA states that the remaining allegations contained within paragraph 8 of the Complaint constitute legal conclusions to which no response is required. NDIDA further states that the text of Senate Bill 2289 speaks for itself. To the extent a further response is deemed required, NDIDA denies those allegations.

**(CNH)**

9.      NDIDA admits the first sentence of paragraph 9.  NDIDA states that the remaining allegations contained within paragraph 9 of the Complaint constitute legal conclusions to which no response is required.  NDIDA further states that the text of Senate Bill 2289 speaks for itself. To the extent a further response is deemed required, NDIDA denies those allegations.

**(John Deere)**

10.      NDIDA admits the first sentence of paragraph 10.  NDIDA states that the remaining allegations contained within paragraph 10 of the Complaint constitute legal conclusions to which no response is required.  NDIDA further states that the text of Senate Bill 2289 speaks for itself. To the extent a further response is deemed required, NDIDA denies those allegations.

**(Kubota)**

11.      NDIDA admits the first sentence of paragraph 11.  NDIDA states that the remaining allegations contained within paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  NDIDA further states that the text of Senate Bill 2289 speaks for itself. To the extent a further response is deemed required, NDIDA denies those allegations.

**<u>The State</u>**

12.      NDIDA admits the first and second sentence of paragraph 12.  NDIDA states that the remaining allegations contained within paragraph 12 of the Complaint constitute legal conclusions to which no response is required.  NDIDA further states that the text of the North Dakota Constitution speaks for itself.  To the extent a further response is deemed required, NDIDA denies those allegations.

13.      NDIDA admits the first and second sentence of paragraph 13.  NDIDA states that the remaining allegations contained within paragraph 13 of the Complaint constitute legal

conclusions to which no response is required.  NDIDA further states that the text of the statutes cited within paragraph 13 speaks for themselves.  To the extent a further response is deemed required, NDIDA denies those allegations.

## JURISDICTION AND VENUE

14.     NDIDA admits that Plaintiff's claims have cited the United States Constitution and the federal statutes contained within paragraph 14.

15.     NDIDA admits that this Court has jurisdiction over one or more of the claims.

16.     NDIDA admits that venue is proper in this District for the claims.

## FACTS COMMON TO ALL COUNTS

### The Enactment of Senate Bill 2289

17.     NDIDA admits that Senate Bill 2289 was introduced on January 19, 2017, and further states that the date of introduction is publicly available legislative history, which speaks for itself.  NDIDA admits that it supported Senate Bill 2289.

18.     NDIDA admits paragraph 18.  NDIDA further states that the names of sponsors of Senate Bill 2289 are publicly available legislative history, which speaks for itself.

19.     Exhibits B and C speak for themselves. To the extent a further response is deemed required, NDIDA denies those allegations.

20.     NDIDA denies that Senate Bill 2289 was "passed with little legislative explanation or debate," and NDIDA is without knowledge as to the remaining allegations in paragraph 20 and therefore denies same.

21.     NDIDA admits that Senate Bill 2289 was passed by a vote of 46-0 in the Senate and a vote of 86-5 in the House. NDIDA also states that this is publicly available legislative history, which speaks for itself.

22.     NDIDA admits that Senate Bill 2289 was signed by the President of the Senate and the Speaker of the House. NDIDA also states that this is publicly available legislative history, which speaks for itself.

23.     NDIDA admits that Governor Burgum signed Senate Bill 2289 on March 16, 2017. NDIDA also states that this is publicly available legislative history, which speaks for itself.

24.     NDIDA admits that Senate Bill 2289 was filed with the Secretary of State on March 16, 2017. NDIDA also states that this is publicly available legislative history, which speaks for itself.

25.     NDIDA states that the allegations contained within paragraph 25 of the Complaint constitute legal conclusions to which no response is required.

### The Existing North Dakota Farm Equipment Dealership Statute

26.     NDIDA states that the allegations contained within paragraph 26 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

27.     NDIDA states that the allegations contained within paragraph 27 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

28.     NDIDA states that the allegations contained within paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

29.     NDIDA states that the allegations contained within paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

30.     NDIDA states that the allegations contained within paragraph 30 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

31.     NDIDA states that the allegations contained within paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

32.     NDIDA states that the allegations contained within paragraph 32 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

33.     NDIDA states that the allegations contained within paragraph 33 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

## The "Offending Provisions" of Senate Bill 2289[1]

34.     NDIDA admits that the Plaintiffs are challenging the following provisions, but denies and vehemently rejects the titles given to each provision.[2] To the extent a further response is deemed required, NDIDA denies those allegations.

> a.     Paragraph A is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

---

[1] NDIDA incorporates the Plaintiff's headings only for organizational purposes and does not agree with the terminology used with respect to Senate Bill 2289 or the alleged legal conclusions that the Plaintiff attaches to the headings.
[2] A simpler and far less prejudicial titling system would have been to use the provision's section number in the North Dakota Century Code.

7

b.      Paragraph B is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

c.      Paragraph C is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

d.      Paragraph D is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

e.      Paragraph E is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

f.      Paragraph F is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

g.      Paragraph G is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

h.      Paragraph H is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

i.      Paragraph I is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

j.      Paragraph J is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

k.      Paragraph K is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

l.      Paragraph L is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

m.      Paragraph M is a legal conclusion to which no response is required. NDIDA denies and vehemently rejects the title given to this provision by the Plaintiffs. To the extent a further response is deemed required, NDIDA denies those allegations.

Plaintiffs' one sentence, unnumbered paragraph does not require a response. To the extent it does require a response, NDIDA denies any allegations.

### (No Required Separation of Trademarks)

35.      NDIDA states that the allegations contained within paragraph 35 of the Complaint are legal conclusions to which no response is required, and further states that it denies and vehemently rejects the title given by Plaintiff to this provision. Finally, SB 2289 and its provisions speak for themselves.  To the extent a further response is deemed required, NDIDA denies those allegations.

36.     NDIDA denies that the definition of a "line-make" is "a brand, trademark, or service mark of farm equipment dealers." That definition is not found in Senate Bill 2289 or section 51-07-00.1 of the North Dakota Century Code, which provides definitions for Chapter 51-07. NDIDA further denies that this provision is labeled the "No Required Separation of Trademarks Provision" and vehemently rejects the title. To the extent a further response is deemed required, NDIDA denies those allegations.

37.     NDIDA states that the allegations contained within paragraph 37 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

38.     NDIDA states that the allegations contained within paragraph 38 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

39.     NDIDA state that Exhibit D speaks for itself. Additionally, comments made to the press are not legislative history and have no bearing on the interpretation of the law. To the extent a further response is deemed required, NDIDA denies those allegations.

40.     NDIDA states that the allegations contained within paragraph 40 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

**(No Enforcement of Appearance Standards)**

41.     NDIDA states that the allegations contained within paragraph 41 of the Complaint are legal conclusions to which no response is required, and further states that it denies and vehemently rejects the title given by Plaintiff to this provision.  Finally, SB 2289 and its provisions speak for themselves.  To the extent a further response is deemed required, NDIDA denies those allegations.

42.     NDIDA states that the allegations contained within paragraph 42 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

43.     NDIDA states that the allegations contained within paragraph 43 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

44.     NDIDA admits that manufacturers have required dealers to comply with certain appearance standards, but those appearance standards were often overbearing, costly, and difficult to comply with. To the extent a further response is deemed required for the first two sentences, NDIDA denies those allegations. The third sentence is a legal conclusion which requires no response from NDIDA. Additionally, NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision.

45.     NDIDA states that the allegations contained within paragraph 45 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects

the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

46.     NDIDA states that the allegations contained within paragraph 46 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

**(No Enforcement of Performance Standards)**

47.     NDIDA states that the allegations contained within paragraph 47 of the Complaint are legal conclusion to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

48.     NDIDA states that the allegations contained within paragraph 48 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

    a.     NDIDA states that the allegations contained within paragraph 48(a) of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

    b.     NDIDA states that the allegations contained within paragraph 48(b) of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

    c.     NDIDA states that the allegations contained within paragraph 48(c) of the Complaint are legal conclusions to which no response is required. NDIDA also denies and

vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

       d.      NDIDA states that the allegations contained within paragraph 48(d) of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

      49.     NDIDA states that the allegations contained within paragraph 49 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

      50.     NDIDA admits that manufacturers have required dealers to comply with certain standards, but those were often overbearing, costly, and difficult to comply with. The third sentence is a legal conclusion which requires no response from NDIDA, and NDIDA denies and vehemently rejects that title created by Plaintiff to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

      51.     NDIDA denies all allegations made in paragraph 51 of this Complaint. Moreover, the conclusions in the cases cited by the Plaintiffs have no bearing on whether Senate Bill 2289 is unconstitutional or contrary to federal law.

**(No Minimum Inventory or Order Requirements)**

      52.     NDIDA is without knowledge as to the conclusory statements made in paragraph 52 and therefore denies them.

      53.     NDIDA states that the allegations contained within paragraph 53 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects

the title that Plaintiff created to describe this provision. Finally, SB 2289 and its provisions speak for themselves. To the extent a further response is deemed required, NDIDA denies those allegations.

54. NDIDA states that the allegations contained within paragraph 54 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

55. NDIDA admits that manufacturers have created inventory maintenance standards, but NDIDA is without knowledge as to whether the use of trademarks and other intellectual property were specifically conditioned on meeting such standards. To the extent a further response is deemed required for the first two sentences, NDIDA denies those allocations. In the third sentence, Plaintiff denies and vehemently rejects the title used by Plaintiffs to describe this provision, and the other allegations in the third sentence are legal conclusions to which no response is required.

56. NDIDA states that the allegations contained within paragraph 56 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

57. NDIDA states that the allegations contained within paragraph 57 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

**(No Exclusivity Requirements)**

58.     NDIDA states that the allegations contained within paragraph 58 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

59.     NDIDA states that the allegations contained within paragraph 59 of the Complaint are legal conclusions to which no response is required. NDIDA will, however, state that the case cited to define "coercion" did not involve North Dakota law. To the extent a further response is deemed required, NDIDA denies those allegations.

60.     NDIDA states that the allegations contained within paragraph 60 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

61.     NDIDA states that the allegations contained within paragraph 61 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

62.     NDIDA states that the allegations contained within paragraph 62 of the Complaint are legal conclusions to which no response is required.  NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision.  Finally, SB 2289 and its provisions speak for themselves. To the extent a further response is deemed required, NDIDA denies those allegations.

63.     NDIDA states that the allegations contained within paragraph 63 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

15

64.     NDIDA states that the allegations contained within paragraph 64 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

65.     NDIDA states that the allegations contained within the first sentence of paragraph 65 of the Complaint are legal conclusions to which no response is required. The first sentence also creates a title to refer to the provision being discussed, and NDIDA denies and vehemently objects to the use of that title. The remainder of the paragraph quotes a United States Supreme Court case which discusses vertical price restraints. The quote is just a discussion of relevant facts in that case, and it has no bearing on whether Senate Bill 2289 is unconstitutional or contravenes federal law. To the extent a further response is deemed required, NDIDA denies those allegations.

66.     NDIDA states that the allegations contained within paragraph 66 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

### (Forced Transfer of Trademark License)

67.     NDIDA denies the first two sentences within paragraph 67 of the Complaint. The remaining sentences of the paragraph are legal conclusion to which no response is requires. To the extent a further response is deemed required, NDIDA denies those allegations.

68.     NDIDA states that the allegations contained within paragraph 68 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

69.     NDIDA states that the allegations contained within paragraph 69 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

70.     NDIDA states that Exhibit E speaks for itself. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

71.     NDIDA states that the allegations contained within paragraph 71 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

**(No Control Over Dealer Locations)**

72.     NDIDA states that the allegations contained within paragraph 72 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

73.     NDIDA states that the allegations contained within paragraph 73 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

74.     NDIDA states that the allegations contained within paragraph 74 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

75.     NDIDA states that the allegations contained within paragraph 75 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

76.     NDIDA states that the allegations contained within paragraph 76 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

**(Enabling Warranty and Incentive Payment Fraud)**

77.     NDIDA states that the allegations contained within paragraph 77 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

78.     NDIDA states that the allegations contained within paragraph 78 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

79.     NDIDA states that the allegations contained within paragraph 79 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

80.     NDIDA states that the allegations contained within paragraph 80 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects

the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

**(Retroactive Impairment of Existing Warranties)**

81.     NDIDA states that the allegations contained within paragraph 81 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

82.     NDIDA states that the allegations contained within paragraph 82 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

83.     NDIDA states that the allegations contained within paragraph 83 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

84.     NDIDA states that the allegations contained within paragraph 84 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

85.     NDIDA states that the allegations contained within paragraph 85 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

**(Retroactive Impairment of Existing Contracts)**

86.     NDIDA states that the allegations contained within paragraph 86 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects

the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

87.     NDIDA states that the allegations contained within paragraph 87 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

88.     NDIDA is without knowledge as to the first sentence of paragraph 88 and therefore denies same.  As to the remaining sentences in paragraph 88, the cited video speaks for itself.

89.     NDIDA admits paragraph 89 of this Complaint, and further states that this is publicly available legislative history.

**(No Arbitration)**

90.     NDIDA states that the allegations contained within paragraph 90 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

91.     NDIDA states that the allegations contained within paragraph 91 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

92.     NDIDA states that the allegations contained within paragraph 92 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

93.     NDIDA states that the allegations contained within paragraph 93 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

**(No Market Withdrawal)**

94.     NDIDA states that the allegations contained within paragraph 94 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

95.     NDIDA states that the allegations contained within paragraph 95 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

96.     NDIDA states that the allegations contained within paragraph 96 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

97.     NDIDA states that the allegations contained within paragraph 97 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

98.     NDIDA states that the allegations contained within paragraph 98 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects

the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

**(Interstate Price Regulation)**

99.     NDIDA states that the allegations contained within paragraph 99 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

100.     NDIDA states that the allegations contained within paragraph 100 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

101.     NDIDA states that the allegations contained within paragraph 101 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

102.     NDIDA states that the allegations contained within paragraph 102 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

103.     NDIDA states that the allegations contained within paragraph 103 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

104.     NDIDA states that it is without information as to the first sentence of paragraph 104 of the Complaint and therefore denies same. NDIDA further states that the allegation contained in the second sentence is a legal conclusion to which no response is required.

105.    NDIDA states that the allegations contained within paragraph 105 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

### The Offending Provisions' Adverse Effects on Manufacturers

106.    NDIDA states that the allegations contained within paragraph 106 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

### Impairment of Existing Dealership Agreements

107.    NDIDA states that the allegations contained within paragraph 107 of the Complaint are legal conclusions to which no response is required. NDIDA further states that Exhibit F speaks for itself. To the extent a further response is deemed required, NDIDA denies those allegations.

108.    NDIDA states that the allegations contained within paragraph 108 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

### LEGAL BASES FOR INVALIDATING SENATE BILL 2289

### Lanham Act Preemption

109.    NDIDA denies that manufacturers will be deprived of any rights under the Lanham Act. NDIDA further states that all other allegations are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

110.    NDIDA admits that manufacturers "typically license their authorized dealers to use and display" manufacturer-owned trademarks. NDIDA, however, is without knowledge as to if the licensing is "[c]onsistent with the Lanham Act . . . ." NDIDA further states that the second sentence

is a legal conclusion to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

111.   NDIDA states that the allegations contained within paragraph 111 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

112.   NDIDA states that the allegations contained within paragraph 112 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

113.   NDIDA states that the allegations contained within paragraph 113 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

114.   NDIDA states that the allegations contained within paragraph 114 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

115.   NDIDA states that the allegations contained within paragraph 115 of the Complaint are legal conclusions to which no response is required.

116.   NDIDA states that the allegations contained within paragraph 116 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

117.   NDIDA states that the allegations contained within paragraph 117 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

118.    NDIDA states that the allegations contained within paragraph 118 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

119.    NDIDA states that the allegations contained within paragraph 119 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

120.    NDIDA states that the allegations contained within paragraph 120 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

121.    NDIDA states that the allegations contained within paragraph 121 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

122.    NDIDA states that the allegations contained within paragraph 121 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

123.    NDIDA denies all allegations in paragraph 123 of the Complaint. Additionally, Exhibit D, which was cited by Plaintiffs, speaks for itself.

124.    NDIDA states that the allegations contained within paragraph 124 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and

vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

125. NDIDA states that the allegations contained within paragraph 125 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

126. NDIDA states that the allegations contained within paragraph 126 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

127. NDIDA states that the allegations contained within paragraph 127 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

128. NDIDA states that the allegations contained within paragraph 128 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe this provision. To the extent a further response is deemed required, NDIDA denies those allegations.

129. NDIDA states that the allegations contained within paragraph 129 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions, including the title "Impaired Trademarks". To the extent a further response is deemed required, NDIDA denies those allegations.

**(Senate Bill 2289 Enables Trademark Infringement)**

130.     NDIDA states that the allegations contained within paragraph 130 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

131.     NDIDA denies and rejects the use of the term "Impaired Trademarks" in the first sentence of paragraph 131.  NDIDA, however, admits that dealers must comply with certain provisions to use manufacturer-owned trademarks. The remaining allegations are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

132.     NDIDA states that the allegations contained within paragraph 132 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

133.     NDIDA states that the allegations contained within paragraph 133 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

**(Senate Bill 2289 Enables Unfair Competition)**

134.     NDIDA states that the allegations contained within paragraph 134 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

135.     NDIDA states that the allegations contained within paragraph 135 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

136.     NDIDA states that the allegations contained within paragraph 136 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

### (Senate Bill 2289 Enables Trademark Dilution)

137.     NDIDA denies and rejects the use of the term "Impaired Trademarks." NDIDA further states that it is without knowledge as to whether the manufacturer-owned trademarks are famous, and thus, denies the allegation.

138.     NDIDA states that the allegations contained within paragraph 138 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

### Takings Clause

139.     NDIDA states that the allegations contained within paragraph 139 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

140.     NDIDA states that the allegations contained within paragraph 140 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

141.    NDIDA states that the allegations contained within paragraph 141 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

142.    NDIDA states that the allegations contained within paragraph 142 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

143.    NDIDA states that the allegations contained within paragraph 143 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

144.    NDIDA is without knowledge as to all allegations in paragraph 144 and therefore denies same.

145.    NDIDA states that the allegations contained within paragraph 145 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

146.    NDIDA states that the allegations contained within paragraph 146 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

147.    NDIDA states that the allegations contained within paragraph 147 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

148.    NDIDA is without knowledge as to all allegations in paragraphs 148 and therefore denies same.

### Contracts Clause

149.    NDIDA states upon information and belief its dealer members operate pursuant to contracts with AEM members, however, no contracts were attached to the Complaint and NDIDA denies any remaining allegations in paragraph 149 of the Complaint.

150.    NDIDA states upon information and belief its dealer members operate pursuant to contracts with AEM members, however, no contracts were attached to the Complaint and NDIDA denies any remaining allegations in paragraph 150 of the Complaint.

151.    NDIDA states upon information and belief its dealer members operate pursuant to contracts with AEM members, however, no contracts were attached to the Complaint and NDIDA denies any remaining allegations in paragraph 151 of the Complaint.

152.    NDIDA states upon information and belief its dealer members operate pursuant to contracts with AEM members, however, no contracts were attached to the Complaint and NDIDA denies any remaining allegations in paragraph 152 of the Complaint.

153.    NDIDA states that the allegations contained within paragraph 153 of the Complaint are legal conclusions to which no response is required.

154.    NDIDA states that the allegations contained within paragraph 154 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

155.    NDIDA states that the allegations contained within paragraph 155 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects

the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

156.    NDIDA is without knowledge as to the contents of the Existing Dealer Agreements. NDIDA further states that the other allegations contained within paragraph 156 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

157.    NDIDA is without knowledge as to the contents of the Existing Dealer Agreements. NDIDA further states that the other allegations contained within paragraph 157 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

158.    NDIDA is without knowledge as to the contents of the Existing Dealer Agreements. NDIDA further states that the other allegations contained within paragraph 158 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

159.    NDIDA is without knowledge as to the contents of the Existing Dealer Agreements. NDIDA further states that the other allegations contained within paragraph 159 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

160.     NDIDA is without knowledge as to the contents of the Existing Dealer Agreements. NDIDA further states that the other allegations contained within paragraph 160 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

161.     NDIDA is without knowledge as to the contents of the Existing Dealer Agreements. NDIDA further states that the other allegations contained within paragraph 161 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

162.     NDIDA states that it is without knowledge as to the first and third sentences of paragraph 162 of the Complaint. NDIDA further states that the second sentence is a legal conclusion to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

163.     NDIDA denies all allegations in paragraph 163 of the Complaint.

164.     NDIDA states that the allegations contained within paragraph 164 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

165.     NDIDA states that the video cited by Plaintiffs is publically available legislative history that speaks for itself. NDIDA further states that it denies the allegation that Senate Bill 2289 was adopted for improper reasons, and denies whatever other allegations may be in paragraph 165 of the Complaint.

166. NDIDA states that the allegations contained within paragraph 166 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

## Dormant Commerce Clause

### (Undue Burden on Interstate Commerce)

167. NDIDA states that the allegations contained within paragraph 167 of the Complaint are legal conclusion to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

168. NDIDA states that the allegations contained within paragraph 168 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

169. NDIDA states that the allegations contained within paragraph 169 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

170. NDIDA states that the allegations contained within paragraph 170 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

171. NDIDA states that the allegations contained within paragraph 171 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects

the title that Plaintiff created to describe the provision. To the extent a further response is deemed required, NDIDA denies those allegations.

172.    NDIDA states that the allegations contained within paragraph 172 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe the provision. To the extent a further response is deemed required, NDIDA denies those allegations.

173.    NDIDA states that the allegations contained within paragraph 173 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

174.    NDIDA states that the allegations contained within paragraph 174 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

175.    NDIDA states that the allegations contained within paragraph 175 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

## **Federal Arbitration Act Preemption**

176.    NDIDA states that the allegations contained within paragraph 176 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

177.    NDIDA states that the allegations contained within paragraph 177 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

178.    NDIDA states that the allegations contained within paragraph 178 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

179.    NDIDA states that the allegations contained within paragraph 179 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

180.    NDIDA admits the first three sentences contained within paragraph 180 of the Complaint. NDIDA further states that the fourth sentence is a legal conclusion to which no response is required.  To the extent a further response is deemed required, NDIDA denies the remaining allegations.

181.    NDIDA states that the allegations contained within paragraph 181 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

182.    NDIDA states that the allegations contained within paragraph 182 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

183.    NDIDA states that the allegations contained within paragraph 183 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is deemed required, NDIDA denies those allegations.

## Robinson-Patman Act Preemption

184.    NDIDA states that the allegations contained within paragraph 184 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

185.    NDIDA states that the allegations contained within paragraph 185 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

186.    NDIDA states that the allegations contained within paragraph 186 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

187.    NDIDA states that the allegations contained within paragraph 187 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

188.    NDIDA states that the allegations contained within paragraph 188 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

189.    NDIDA is without knowledge and therefore denies all allegations in paragraph 189 of the Complaint.

190.    NDIDA states that the allegations contained within paragraph 190 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

191.    NDIDA denies all allegations contained within paragraph 191 of the Complaint.

192.     NDIDA states that the allegations contained within paragraph 192 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

193.     NDIDA denies all allegations contained within paragraph 193 of the Complaint.

194.     NDIDA states that the allegations contained within paragraph 194 of the Complaint are legal conclusions to which no response is required.

195.     NDIDA states that the allegations contained within paragraph 195 of the Complaint are legal conclusions to which no response is required.

196.     NDIDA states that the allegations contained within paragraph 196 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

## COUNT ONE

### Federal Arbitration Act Preemption
### Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*

197.     NDIDA realleges and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

198.     NDIDA states that the allegations contained within paragraph 198 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

199.     NDIDA states that the allegations contained within paragraph 199 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects

the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

## COUNT TWO

### Federal Arbitration Act Preemption
### 42 U.S.C. §1983

200.    NDIDA realleges and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

201.    NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the title that Plaintiff created to describe the provision. To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

202.    NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the title that Plaintiff created to describe the provision. To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

203.    NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the title that Plaintiff created to describe the provision. To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

204.    NDIDA recognizes that claims made by Plaintiff under 42 U.S.C. § 1983 only implicates state actors and therefore are not applicable to it.  To the extent a response is deemed to be required, NDIDA denies the allegations in this paragraph.

## COUNT THREE

### Lanham Act Preemption
### Declaratory Judgment Act, 28 U.S.C. §2201 et seq.

205.    NDIDA realleges and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

206.    NDIDA is without information as to the Plaintiff's activities and licenses and therefore denies the allegations contained within paragraph 206 of the Complaint.

207.    NDIDA states that the allegations contained within paragraph 207 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

208.    NDIDA states that the allegations contained within paragraph 207 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

## COUNT FOUR

### Lanham Act Preemption
### 42 U.S.C. §1983

209.    NDIDA realleges and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

210.    NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

211.    NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

212.    NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

213.    NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

### COUNT FIVE

**Alternative Claim Under the Takings Clause**
**Declaratory Judgment Act, 28 U.S.C. §2201 _et seq._**

214.    NDIDA realleges and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

215.    NDIDA states that the allegations contained within paragraph 215 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

216.    NDIDA states that the allegations contained within paragraph 216 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

## COUNT SIX

**Contracts Clause**
**Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*.**

217.    NDIDA realleges and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

218.    NDIDA states that the allegations contained within paragraph 218 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies those allegations.

219.    NDIDA states that the allegations contained within paragraph 219 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies that Plaintiffs are entitled to the relief requested in paragraph 219 of the Complaint.

220.    NDIDA states that the allegations contained within paragraph 220 of the Complaint are legal conclusions to which no response is required. To the extent a further response is deemed required, NDIDA denies that Plaintiffs are entitled to the relief requested in paragraph 220 of the Complaint.

## COUNT SEVEN

**Contracts Clause**
**42 U.S.C. §1983**

221.    NDIDA realleges and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

222.    NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

223.     NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

224.     NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

225.     NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

## COUNT EIGHT

### Dormant Commerce Clause
### Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*

226.     NDIDA realleges and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

227.     NDIDA states that the allegations contained within paragraph 227 of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions. To the extent a further response is deemed required, NDIDA denies those allegations.

228.     NDIDA states that the allegations contained within paragraph 228 of the Complaint are legal conclusions to which no response is required.  NDIDA denies that Plaintiffs are entitled to the relief requested in paragraph 228 of the Complaint. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions.

229.     NDIDA states that the allegations contained within paragraph 229 of the Complaint are legal conclusions to which no response is required.  NDIDA denies that Plaintiffs are entitled

to the relief requested in paragraph 229 of the Complaint. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions.

**COUNT NINE**

**Dormant Commerce Clause**
**42 U.S.C. §1983**

230.     NDIDA realleges and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

231.     NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

232.     NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

233.     NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

234.     NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

## COUNT TEN

### Robinson-Patman Act Preemption
### Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*

235.     NDIDA realleges and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

236.     NDIDA states that the allegations contained within paragraph 236 of the Complaint are legal conclusions to which no response is required.  NDIDA denies that Plaintiffs are entitled to the relief requested in paragraph 236 of the Complaint. NDIDA also denies and vehemently rejects the title that Plaintiff created to describe the provision.

## COUNT ELEVEN

### Robinson-Patman Act Preemption
### 42 U.S.C. §1983

237.     NDIDA realleges and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

238.     NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the title that Plaintiff created to describe the provision.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

239.     NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects the title that Plaintiff created to describe the provision.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

240.     NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  NDIDA also denies and vehemently rejects

the title that Plaintiff created to describe the provision.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

241.    NDIDA recognizes this Count is raised by Plaintiff under 42 U.S.C. § 1983 and therefore only implicates state actors, not NDIDA.  To the extent a response to this paragraph is deemed to be required, NDIDA denies the allegations contained therein.

## PRAYER FOR RELIEF

NDIDA states that the allegations contained in paragraphs A – I of the Complaint are legal conclusions to which no response is required. NDIDA also denies and vehemently rejects the titles that Plaintiff created to describe these provisions.  Finally, NDIDA denies that Plaintiff is entitled to any of the relief sought in these paragraphs.

## DEMAND FOR JURY TRIAL

NDIDA states that the demand for jury trial is a legal conclusion to which no response is required.

Dated this 4th day of October, 2017.

Respectfully submitted,

*/s/ Jason T. Allen*

**WOLD JOHNSON, P.C.**
Benjamin Thomas (ID #04713)
BThomas@woldlaw.com
400 Gate City Building
P.O. Box 1680
Fargo, N.D. 58107-1680
T: (701) 235-5515

and

**BASS SOX MERCER**
Jason T. Allen (*pro hac vice*)
jallen@dealerlawyer.com
2822 Remington Green Circle
Tallahassee, Florida 32308
T: 850.878.6404

*Attorneys for NDIDA*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October, 2017, a true and correct copy of the foregoing has been furnished electronically transmitted through the CM.ECF system to:

- Benjamin E. Thomas     bthomas@woldlaw.com, jastrup@woldlaw.com
- Benjamin R. Dryden     bdryden@foley.com
- Connor A. Sabatino     csabatino@foley.com
- Jarren Ginsburg     jginsburg@foley.com
- Joseph P. Bialke     jbialke@nd.gov, ckvislen@nd.gov, mecastillo@nd.gov
- Katherine Susan Barrett Wiik     KBarrettWiik@RobinsKaplan.com, jgerboth@robinskaplan.com
- Lauren Champaign     lchampaign@foley.com
- Matthew A. Sagsveen     masagsve@nd.gov
- Michael J. Lockerby     mlockerby@foley.com
- Nathan James Svihovec     njsvihovec@nd.gov
- Roberta F. Howell     rhowell@foley.com
- Timothy Q. Purdon     tpurdon@robinskaplan.com, AHoellein@RobinsKaplan.com

*/s/ Jason T. Allen*
Jason T. Allen