# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| ASSOCIATION OF EQUIPMENT MANUFACTURERS, AGCO CORPORATION, CNH INDUSTRIAL AMERICA LLC, DEERE & COMPANY, and KUBOTA TRACTOR CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:17-cv-00151-CSM |
| | ) | |
| THE HON. DOUG BURGUM, Governor of the State of North Dakota, in his Official Capacity, and | ) ) ) | |
| | ) | |
| THE HON. WAYNE STENEHJEM, Attorney General of the State of North Dakota, in his Official Capacity, | ) ) ) | |
| | ) | |
| Defendants, | ) | |
| and | ) | |
| | ) | |
| NORTH DAKOTA IMPLEMENT DEALERS ASSOCIATION, | ) ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**THE STATE OF NORTH DAKOTA AND THE INTERVENOR NORTH DAKOTA**
**IMPLEMENT DEALERS ASSOCIATION'S**
**RESPONSES TO FIRST REQUESTS FOR ADMISSION,**
**DOCUMENT REQUESTS, AND INTERROGATORIES**

The State of North Dakota (State) and Defendant-Intervenor North Dakota Implement Dealers Association ("NDIDA") (collectively, "Defendants"), by counsel, pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, hereby respond to the first set of discovery responses from Plaintiffs, the Association of Equipment Manufacturers ("AEM"), together with AEM members AGCO Corporation ("AGCO"), CNH Industrial America LLC ("CNH"), Deere & Company ("John Deere"), and Kubota Tractor Corporation ("Kubota") (collectively, the "Manufacturers"), as follows:

## REQUESTS FOR PRODUCTION

**Document Request No. 1:**   All documents or tangible things that You anticipate using at trial in this litigation, whether as exhibits or for purposes of rebuttal or impeachment.

**Response:**  See Defendants' response to Request #2 below.


**Document Request No. 2:**   All documents or tangible things identified in Your Rule 26(a)(1) Initial Disclosures.

**Response:**  NDIDA noted six (6) distinct categories of documents in its initial disclosures.  The State noted three (3) distinct categories of documents in its initial disclosures, all three (3) of which were also listed by NDIDA.  Therefore, Defendants jointly respond as follows.  First, the summary of the legislative history of SB 2289.  That document is publicly-available and is on this matter's docket already.  Second, the audio recordings of the committee hearings and floor debate of SB 2289 are also publicly-available.  In fact, Plaintiffs have already cited to these materials, so they should understand how to access them.  Third, the transcripts of committee hearings of SB 2289 are also publicly-available and equally accessible to all.  Fourth, photographs of various farm equipment facilities were used by NDIDA at the hearing Plaintiffs' Motion for Preliminary Injunction so Plaintiffs have copies of those already too.  Fifth, contracts and sample contracts with certain manufacturers are also already available on this Court's docket.  Finally, correspondence and other miscellaneous documents regarding the manufacturer's contracts and/or proposed contractual changes, please see Defendants' response to Request #6 below.

**Document Request No. 3:**    All non-privileged documents that You have provided or will provide to any expert(s) in connection with this litigation.

**Response:**  Neither Defendant has retained an expert in the current matter; however, they do not waive their right to do so.  If either Defendant does so, it will produce the requested materials in accordance with this Court's scheduling order requiring the production of expert reports and allowing for expert discovery.  Otherwise, at this time, Defendants have no documents responsive to this request.

**Document Request No. 4:**    All documents relating to the drafting, preparation, enactment, or passage of Senate Bill 2289.

**Response:  Objection.**  The State has no documents responsive to this request other than which is already publicly-available.  NDIDA objects to this Request because it implicates documents that are covered under attorney-client privilege.  Further, NDIDA objects to this Request because it also implicates documents protected from disclosure as attorney work-product.  Otherwise, NDIDA has no other documents responsive to this Request.  NDIDA will produce an appropriate privilege log.

**Document Request No. 5:**    All documents relating to the actual, potential, or anticipated effects of Senate Bill 2289.

**Response:  Objection**.  Defendants object to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are irrelevant to the current matter.  Defendants further object, because SB 2289 has not gone into effect due to Plaintiffs' action, so there are no documents to produce relating to the actual effects

of SB 2289. Defendants state that they have not identified any responsive documents relating to the potential or anticipated effects of SB 2289.

**Document Request No. 6 (directed to NDIDA only):** All communications with or from NDIDA members relating to any opinions, grievances, or perceived problems with any Existing Dealership Agreements.

**Response: Objection.** NDIDA objects to this request as it seek all communications, which is overbroad and unduly burdensome and covers documents outside NDIDA's possession, custody or control. NDIDA will produce responsive non-privileged documents within its possession, custody and control.

**Document Request No. 7 (directed to NDIDA only):** All documents used, consulted, or relied upon in preparing the North Dakota Implement Dealers Association Farm Equipment Warranty Reimbursement Guide produced as Dkt. # 60-20.

**Response: Objection.** NDIDA objects to this Request because it is outside the scope of permissible discovery under Rule 26(b)(1). Specifically, NDIDA's communications with its members about SB 2289 post-enactment of the Legislation are irrelevant to the underlying action. Moreover, information related to the creation of the Guide is even further afield. Lastly, NDIDA objects to the request to the extent it seeks documents that are covered under the attorney-client privilege and/or work-product. NDIDA will produce an appropriate privilege log.

Dated: January _____, 2018

Respectfully submitted,

NORTH DAKOTA IMPLEMENT DEALERS ASSOCIATION

By:_____/s/ Jason T. Allen_____
Jason T. Allen
W. Kirby Bissell
Pro Hac Vice
Bass Sox Mercer
2822 Remington Green Circle
Tallahassee, FL 32308
Telephone (850) 878-6404
Facsimile (701) 328-4300
Email: jallen@dealerlawyer.com
Email: kbissell@dealerlawyer.com

*Attorneys for Defendant-Intervenor*

By:_/s/ J.P. Bialke_____
J.P. Bialke
Assistant Attorney General
State Bar ID No. 04861
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
Email jbialke@nd.gov

By:_/s/ Nathan J. Svihovec_____
Nathan J. Svihovec
Assistant Attorney General
State Bar ID No. 08332
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
Email njsvihovec@nd.gov

Attorneys for Defendant.

On behalf of the North Dakota Implement Dealers Association, and pursuant to 28 U.S.C. § 1746, I, Matthew Larsgaard, represent that I am authorized pursuant to applicable law and rules to verify, the foregoing Responses of NDIDA to Plaintiffs' First Set of Interrogatories.  And, I verify under penalty of perjury that the foregoing Response to Plaintiffs' First Set of Interrogatories are true and correct to the best of my knowledge.

Dated February ___23___, 2018

Matthew Larsgaard, President and CEO,
North Dakota Implement Dealers
Association

63

Pursuant to 28 U.S.C. § 1746, I, Wayne Stenehjem, represent that I am signing the foregoing State of North Dakota Responses to First Requests for Admission, Document Requests and Interrogatories on behalf of the State of North Dakota and that I am authorized to do so; that the matters stated in the foregoing answers are not all within the knowledge of the undersigned, but that the facts stated in said answers have been assembled by authorized agents or employees of the State of North Dakota and the deponent is informed and believes that the foregoing answers are true.

Dated this 23rd day of February, 2018.

Wayne Stenehjem
Attorney General

Pursuant to the Federal Rules of Civil Procedure, as one of the attorneys of record for the Defendants, I certify that I have read these answers and objections, if any, and to the best of my knowledge, information, and belief formed after a reasonable inquiry, they are consistent with the Federal Rules of Civil Procedure and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; not interposed for any improper purpose; and not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Dated this 23RD day of February, 2018.

State of North Dakota
Wayne Stenehjem
Attorney General

By: _____
J.P. Bialke
Assistant Attorney General
State Bar ID No. 04861
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
Email jbialke@nd.gov