**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Association of Equipment Manufacturers, AGCO Corporation, CNH Industrial America LLC, Deere & Company, and Kubota Tractor Corporation | ) ) ) ) ) ) | **Case No. 1:17-cv-151** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| The Hon. Doug Burgman, Governor Of the State of North Dakota, in his Official Capacity, and The Hon. Wayne Stenehjem, Attorney General of the State of North Dakota, in his Official Capacity | ) ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| North Dakota Implement Dealers Association | ) ) ) | |
| Intervenor | ) | |

**DECLARATION OF DAVID ANFINSON**

I, DAVID ANFINSON, declare under the penalty of perjury that the following is true and correct:

1. I am a Case IH and New Holland dealer and a member of the North Dakota Implement Dealers Association ("NDIDA").
2. NDIDA's purpose is to promote the general welfare of its dealer members by providing a timely source of industry information, representing dealer interests in government regulation and legislation, enhancing dealer and employee education, and supporting equitable dealer and manufacturer relations.
3. To further those interests, NDIDA occasionally lobbies the North Dakota legislature on behalf of its dealer members.
4. In order to determine whether to support or oppose legislation, NDIDA has periodic meetings to discuss, amongst other things, legislation that may impact dealer interests.

**COMPOSITE EXHIBIT B**

5. During those meetings, members and NDIDA's President and CEO (Matthew Larsgaard) occasionally discuss pending legislation, whether to engage in the legislative process with respect to particular legislation, whether to lobby the legislature on legislation and other aspects regarding the legislative process with respect to which NDIDA has an interest.

6. NDIDA's meetings are limited to its Board Members and information discussed during those meetings is confidential and not shared beyond the members present at the meeting.

7. Participating in NDIDA board meetings takes time and effort, including time away from my dealership business.

8. Part of the reason why I participate on the board is an understanding that NDIDA serves to promote industry issues and I can express my thoughts and concerns in a confidential manner.

9. I communicate with other NDIDA Board Members and Matthew Larsgaard regarding industry concerns and potential legislative issues, because I have the confidence that those matters will remain confidential and that encourages me to have a full and frank discussion of those issues.

10. The confidentiality of the discussions is vital in order to have full and frank discussions regarding supporting or opposing public policy matters and discussing the merits of both. If that information is released, I will no longer participate in the association's meetings to discuss whether to engage in the political process, and thereby no longer engage in such political activity with the association for fear of reprisal from the farm equipment manufacturers.

11. Specifically, I have serious concerns about Case IH and New Holland becoming aware of specific discussions and/or concerns and exacting reprisal based upon those statements. The manufacturer has the power to influence the success or failure of my dealership in a number of ways, but most notably it is the primary source of product supply for which my dealership generates revenue.

12. Moreover, various public entities (such as legislatures and state agencies) enact and enforce policies that govern my dealership business. I have a desire to remain in favorable regard with those individuals and entities. If confidential information is released regarding my comments about various North Dakota State Government or any other state/government agencies, I have serious concern that my business would suffer as a result of that information.

13. If I am not able to engage in confidential/anonymous discussions with the association and Matthew Larsgaard regarding legislation, onerous manufacturer imposed policies, state tax and DOT issues, etc. I will be required to seriously consider limiting my involvement with the association which may include my resignation from the NDIDA Board of Directors.

Executed on this _10_ day of May, 2018.

DAVID ANFINSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Association of Equipment )<br>Manufacturers, )<br>AGCO Corporation, )<br>CNH Industrial America LLC, )<br>Deere & Company, and )<br>Kubota Tractor Corporation )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>The Hon. Doug Burgman, Governor )<br>Of the State of North Dakota, in his )<br>Official Capacity, and )<br>The Hon. Wayne Stenehjem, Attorney )<br>General of the State of North Dakota, )<br>in his Official Capacity )<br> )<br>Defendants, )<br> )<br>North Dakota Implement Dealers )<br>Association )<br> )<br>Intervenor )| **Case No. 1:17-cv-151** |

## DECLARATION OF DAN BUTLER

I, DAN BUTLER, declare under the penalty of perjury that the following is true and correct:

1. I am an AGCO dealer and a member of the North Dakota Implement Dealers Association ("NDIDA").

2. NDIDA's purpose is to promote the general welfare of its dealer members by providing a timely source of industry information, representing dealer interests in government regulation and legislation, enhancing dealer and employee education, and supporting equitable dealer and manufacturer relations.

3. To further those interests, NDIDA occasionally lobbies the North Dakota legislature on behalf of its dealer members.

4. In order to determine whether to support or oppose legislation, NDIDA has periodic meetings to discuss, amongst other things, legislation that may impact dealer interests.

5. During those meetings, members and NDIDA's President and CEO (Matthew Larsgaard) occasionally discuss pending legislation, whether to engage in the legislative process with

respect to particular legislation, whether to lobby the legislature on legislation and other aspects regarding the legislative process with respect to which NDIDA has an interest.

6. NDIDA's meetings are limited to its board members and information discussed during those meetings is confidential and not shared beyond the members present at the meeting.

7. Participating in NDIDA board meetings takes time and effort, including time away from my dealership business.

8. Part of the reason why I participate on the board is an understanding that NDIDA serves to promote industry issues and I can express my thoughts and concerns in a confidential manner.

9. I communicate with other NDIDA board members and Matthew Larsgaard regarding industry concerns and potential legislative issues, because I have the confidence that those matters will remain confidential and that encourages me to have a full and frank discussion of those issues.

10. The confidentiality of the discussions is vital in order to have full and frank discussions regarding supporting or opposing public policy matters and discussing the merits of both. If that information is released, I will no longer participate in the association's meetings to discuss whether to engage in the political process, and thereby no longer engage in such political activity with the association for fear of reprisal from the farm equipment manufacturers.

11. Specifically, I have serious concerns about AGCO becoming aware of specific discussions and/or concerns and exacting reprisal based upon those statements. The manufacturer has the power to influence the success or failure of my dealership in a number of ways, but most notably it is the primary source of product supply for which my dealership generates revenue.

12. Moreover, various public entities (such as legislatures and state agencies) enact and enforce policies that govern my dealership business. I have a desire to remain in favorable regard with those individuals and entities. If confidential information is released regarding my comments about various North Dakota government officials or agencies, I have serious concern that my business would suffer as a result of that information.

13. If I am not able to engage in confidential/anonymous discussions with the association and Matthew Larsgaard regarding legislation, onerous manufacturer imposed policies, state tax and DOT issues, etc. I will be required to seriously consider limiting my involvement with the association which may include my resignation from the NDIDA Board of Directors.

Executed on this _11_ day of May, 2018.

DAN BUTLER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Association of Equipment | ) | |
| Manufacturers, | ) | |
| AGCO Corporation, | ) | **Case No. 1:17-cv-151** |
| CNH Industrial America LLC, | ) | |
| Deere & Company, and | ) | |
| Kubota Tractor Corporation | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Hon. Doug Burgman, Governor | ) | |
| Of the State of North Dakota, in his | ) | |
| Official Capacity, and | ) | |
| The Hon. Wayne Stenehjem, Attorney | ) | |
| General of the State of North Dakota, | ) | |
| in his Official Capacity | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| North Dakota Implement Dealers | ) | |
| Association | ) | |
| | ) | |
| Intervenor | ) | |

## DECLARATION OF RAY GOEHRING

I, Ray Goehring, declare under the penalty of perjury that the following is true and correct:

1. I am a New Holland dealer and a member of the North Dakota Implement Dealers Association ("NDIDA").
2. NDIDA's purpose is to promote the general welfare of its dealer members by providing a timely source of industry information, representing dealer interests in government regulation and legislation, enhancing dealer and employee education, and supporting equitable dealer and manufacturer relations.
3. To further those interests, NDIDA occasionally lobbies the North Dakota legislature on behalf of its dealer members.
4. In order to determine whether to support or oppose legislation, NDIDA has periodic meetings to discuss, amongst other things, legislation that may impact dealer interests.
5. During those meetings, members and NDIDA's President and CEO (Matthew Larsgaard) occasionally discuss pending legislation, whether to engage in the legislative process with

respect to particular legislation, whether to lobby the legislature on legislation and other aspects regarding the legislative process with respect to which NDIDA has an interest.

6. NDIDA's meetings are limited to its board members and information discussed during those meetings is confidential and not shared beyond the members present at the meeting.

7. Participating in NDIDA board meetings takes time and effort, including time away from my dealership business.

8. Part of the reason why I participate on the board is an understanding that NDIDA serves to promote industry issues and I can express my thoughts and concerns in a confidential manner.

9. I communicate with other NDIDA board members and Matthew Larsgaard regarding industry concerns and potential legislative issues, because I have the confidence that those matters will remain confidential and that encourages me to have a full and frank discussion of those issues.

10. The confidentiality of the discussions is vital in order to have full and frank discussions regarding supporting or opposing public policy matters and discussing the merits of both. If that information is released, I will no longer participate in the association's meetings to discuss whether to engage in the political process, and thereby no longer engage in such political activity with the association for fear of reprisal from the farm equipment manufacturers.

11. Specifically, I have serious concerns about New Holland becoming aware of specific discussions and/or concerns and exacting reprisal based upon those statements. The manufacturer has the power to influence the success or failure of my dealership in a number of ways, but most notably it is the primary source of product supply for which my dealership generates revenue.

12. Moreover, various public entities (such as legislatures and state agencies) enact and enforce policies that govern my dealership business. I have a desire to remain in favorable regard with those individuals and entities. If confidential information is released regarding my comments about various North Dakota government officials or agencies, I have serious concern that my business would suffer as a result of that information.

13. If I am not able to engage in confidential/anonymous discussions with the association and Matthew Larsgaard regarding legislation, onerous manufacturer imposed policies, state tax and DOT issues, etc. I will be required to seriously consider limiting my involvement with the association which may include my resignation from the NDIDA Board of Directors.

Executed on this 10th day of May, 2018.

Ray Goehring

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Association of Equipment | ) | |
| Manufacturers, | ) | |
| AGCO Corporation, | ) | **Case No. 1:17-cv-151** |
| CNH Industrial America LLC, | ) | |
| Deere & Company, and | ) | |
| Kubota Tractor Corporation | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Hon. Doug Burgman, Governor | ) | |
| Of the State of North Dakota, in his | ) | |
| Official Capacity, and | ) | |
| The Hon. Wayne Stenehjem, Attorney | ) | |
| General of the State of North Dakota, | ) | |
| in his Official Capacity | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| North Dakota Implement Dealers | ) | |
| Association | ) | |
| | ) | |
| Intervenor | ) | |

## DECLARATION OF BRIAN HANSON

I, BRIAN HANSON, declare under the penalty of perjury that the following is true and correct:

1. I am a Case IH dealer and a member of the North Dakota Implement Dealers Association ("NDIDA").

2. NDIDA's purpose is to promote the general welfare of its dealer members by providing a timely source of industry information, representing dealer interests in government regulation and legislation, enhancing dealer and employee education, and supporting equitable dealer and manufacturer relations.

3. To further those interests, NDIDA occasionally lobbies the North Dakota legislature on behalf of its dealer members.

4. In order to determine whether to support or oppose legislation, NDIDA has periodic meetings to discuss, amongst other things, legislation that may impact dealer interests.

5. During those meetings, members and NDIDA's President and CEO (Matthew Larsgaard) occasionally discuss pending legislation, whether to engage in the legislative process with

respect to particular legislation, whether to lobby the legislature on legislation and other aspects regarding the legislative process with respect to which NDIDA has an interest.

6. NDIDA's meetings are limited to its board members and information discussed during those meetings is confidential and not shared beyond the members present at the meeting.

7. Participating in NDIDA board meetings takes time and effort, including time away from my dealership business.

8. Part of the reason why I participate on the board is an understanding that NDIDA serves to promote industry issues and I can express my thoughts and concerns in a confidential manner.

9. I communicate with other NDIDA board members and Matthew Larsgaard regarding industry concerns and potential legislative issues, because I have the confidence that those matters will remain confidential and that encourages me to have a full and frank discussion of those issues.

10. The confidentiality of the discussions is vital in order to have full and frank discussions regarding supporting or opposing public policy matters and discussing the merits of both. If that information is released, I will no longer participate in the association's meetings to discuss whether to engage in the political process, and thereby no longer engage in such political activity with the association for fear of reprisal from the farm equipment manufacturers.

11. Specifically, I have serious concerns about Case IH becoming aware of specific discussions and/or concerns and exacting reprisal based upon those statements. The manufacturer has the power to influence the success or failure of my dealership in a number of ways, but most notably it is the primary source of product supply for which my dealership generates revenue.

12. Moreover, various public entities (such as legislatures and state agencies) enact and enforce policies that govern my dealership business. I have a desire to remain in favorable regard with those individuals and entities. If confidential information is released regarding my comments about various North Dakota government officials or agencies, I have serious concern that my business would suffer as a result of that information.

13. If I am not able to engage in confidential/anonymous discussions with the association and Matthew Larsgaard regarding legislation, onerous manufacturer imposed policies, state tax and DOT issues, etc. I will be required to seriously consider limiting my involvement with the association which may include my resignation from the NDIDA Board of Directors.

Executed on this _10_ day of May, 2018.

BRIAN HANSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Association of Equipment Manufacturers, AGCO Corporation, CNH Industrial America LLC, Deere & Company, and Kubota Tractor Corporation | ) ) ) ) ) ) | **Case No. 1:17-cv-151** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| The Hon. Doug Burgman, Governor Of the State of North Dakota, in his Official Capacity, and The Hon. Wayne Stenehjem, Attorney General of the State of North Dakota, in his Official Capacity | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| North Dakota Implement Dealers Association | ) ) ) | |
| Intervenor | ) | |

**DECLARATION OF TOM JOYCE**

I, TOM JOYCE, declare under the penalty of perjury that the following is true and correct:

1.  I am a John Deere dealer and a member of the North Dakota Implement Dealers Association ("NDIDA").

2.  NDIDA's purpose is to promote the general welfare of its dealer members by providing a timely source of industry information, representing dealer interests in government regulation and legislation, enhancing dealer and employee education, and supporting equitable dealer and manufacturer relations.

3.  To further those interests, NDIDA occasionally lobbies the North Dakota legislature on behalf of its dealer members.

4.  In order to determine whether to support or oppose legislation, NDIDA has periodic meetings to discuss, amongst other things, legislation that may impact dealer interests.

5.  During those meetings, members and NDIDA's President and CEO (Matthew Larsgaard) occasionally discuss pending legislation, whether to engage in the legislative process with

respect to particular legislation, whether to lobby the legislature on legislation and other aspects regarding the legislative process with respect to which NDIDA has an interest.

6. NDIDA's meetings are limited to its board members and information discussed during those meetings is confidential and not shared beyond the members present at the meeting.

7. Participating in NDIDA board meetings takes time and effort, including time away from my dealership business.

8. Part of the reason why I participate on the board is an understanding that NDIDA serves to promote industry issues and I can express my thoughts and concerns in a confidential manner.

9. I communicate with other NDIDA board members and Matthew Larsgaard regarding industry concerns and potential legislative issues, because I have the confidence that those matters will remain confidential and that encourages me to have a full and frank discussion of those issues.

10. The confidentiality of the discussions is vital in order to have full and frank discussions regarding supporting or opposing public policy matters and discussing the merits of both. If that information is released, I will no longer participate in the association's meetings to discuss whether to engage in the political process, and thereby no longer engage in such political activity with the association for fear of reprisal from the farm equipment manufacturers.

11. Specifically, I have serious concerns about John Deere becoming aware of specific discussions and/or concerns and exacting reprisal based upon those statements. The manufacturer has the power to influence the success or failure of my dealership in a number of ways, but most notably it is the primary source of product supply for which my dealership generates revenue.

12. Moreover, various public entities (such as legislatures and state agencies) enact and enforce policies that govern my dealership business. I have a desire to remain in favorable regard with those individuals and entities. If confidential information is released regarding my comments about various North Dakota government officials or agencies, I have serious concern that my business would suffer as a result of that information.

13. If I am not able to engage in confidential/anonymous discussions with the association and Matthew Larsgaard regarding legislation, onerous manufacturer imposed policies, state tax and DOT issues, etc. I will be required to seriously consider limiting my involvement with the association which may include my resignation from the NDIDA Board of Directors.

Executed on this 10TH day of May, 2018.

_____
TOM JOYCE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Association of Equipment | ) | |
| Manufacturers, | ) | |
| AGCO Corporation, | ) | **Case No. 1:17-cv-151** |
| CNH Industrial America LLC, | ) | |
| Deere & Company, and | ) | |
| Kubota Tractor Corporation | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Hon. Doug Burgman, Governor | ) | |
| Of the State of North Dakota, in his | ) | |
| Official Capacity, and | ) | |
| The Hon. Wayne Stenehjem, Attorney | ) | |
| General of the State of North Dakota, | ) | |
| in his Official Capacity | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| North Dakota Implement Dealers | ) | |
| Association | ) | |
| | ) | |
| Intervenor | ) | |

## DECLARATION OF KEITH KREPS

I, KEITH KREPS, declare under the penalty of perjury the following is true and correct:

1. I am a John Deere dealer and a member of the North Dakota Implement Dealers Association ("NDIDA").

2. NDIDA's purpose is to promote the general welfare of its dealer members by providing a timely source of industry information, representing dealer interests in government regulation and legislation, enhancing dealer and employee education, and supporting equitable dealer and manufacturer relations.

3. To further those interests, NDIDA occasionally lobbies the North Dakota legislature on behalf of its dealer members.

4. In order to determine whether to support or oppose legislation, NDIDA has periodic meetings to discuss, amongst other things, legislation that may impact dealer interests.

5. During those meetings, members and NDIDA's President and CEO (Matthew Larsgaard) occasionally discuss pending legislation, whether to engage in the legislative process with

respect to particular legislation, whether to lobby the legislature on legislation and other aspects regarding the legislative process with respect to which NDIDA has an interest.

6.  NDIDA's meetings are limited to its board members and information discussed during those meetings is confidential and not shared beyond the members present at the meeting.

7.  Participating in NDIDA board meetings takes time and effort, including time away from my dealership business.

8.  Part of the reason why I participate on the board is an understanding that NDIDA serves to promote industry issues and I can express my thoughts and concerns in a confidential manner.

9.  I communicate with other NDIDA board members and Matthew Larsgaard regarding industry concerns and potential legislative issues, because I have the confidence that those matters will remain confidential and that encourages me to have a full and frank discussion of those issues.

10. The confidentiality of the discussions is vital in order to have full and frank discussions regarding supporting or opposing public policy matters and discussing the merits of both. If that information is released, I will no longer participate in the association's meetings to discuss whether to engage in the political process, and thereby no longer engage in such political activity with the association for fear of reprisal from the farm equipment manufacturers.

11. Specifically, I have serious concerns about John Deere becoming aware of specific discussions and/or concerns and exacting reprisal based upon those statements.  The manufacturer has the power to influence the success or failure of my dealership in a number of ways, but most notably it is the primary source of product supply for which my dealership generates revenue.

12. Moreover, various public entities (such as legislatures and state agencies) enact and enforce policies that govern my dealership business.  I have a desire to remain in favorable regard with those individuals and entities.  If confidential information is released regarding my comments about various North Dakota government officials or agencies, I have serious concern that my business would suffer as a result of that information.

13. If I am not able to engage in confidential/anonymous discussions with the association and Matthew Larsgaard regarding legislation, onerous manufacturer imposed policies, state tax and DOT issues, etc. I will be required to seriously consider limiting my involvement with the association which may include my resignation from the NDIDA Board of Directors.

Executed on this 16th day of May, 2018.

KEITH KREPS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

Association of Equipment                )
Manufacturers,                          )
AGCO Corporation,                       )    Case No. 1:17-cv-151
CNH Industrial America LLC,             )
Deere & Company, and                    )
Kubota Tractor Corporation              )
                                        )
              Plaintiffs,               )
                                        )
       v.                               )
                                        )
The Hon. Doug Burgman, Governor         )
Of the State of North Dakota, in his    )
Official Capacity, and                  )
The Hon. Wayne Stenehjem, Attorney      )
General of the State of North Dakota,   )
in his Official Capacity                )
                                        )
              Defendants,               )
                                        )
North Dakota Implement Dealers          )
Association                             )
                                        )
              Intervenor                )

## DECLARATION OF MATTHEW LARSGAARD

I, Matthew Larsgaard, declare under the penalty of perjury the following is true and correct:

1. I am the President and CEO of the North Dakota Implement Dealers Association ("NDIDA"). I have held that role since July 1, 2010.

2. NDIDA's purpose is to promote the general welfare of its dealer members by providing a timely source of industry information, representing dealer interests in government regulation and legislation, enhancing dealer and employee education, and supporting equitable dealer and manufacturer relations.

3. To further those interests, NDIDA occasionally lobbies the North Dakota legislature on behalf of its dealer members.

4. In order to determine whether to support or oppose legislation, NDIDA has periodic meetings to discuss, amongst other things, legislation that may impact dealer interests.

5. NDIDA members and myself occasionally discuss pending legislation, whether to engage in the legislative process with respect to particular legislation, whether to lobby the

legislature on legislation and other aspects regarding the legislative process with respect to which NDIDA has an interest.

6. NDIDA's meetings are limited to its board members and information discussed during those meetings is confidential and not shared beyond the members present at the meeting.

7. As the President and the CEO of NDIDA I regularly interact with North Dakota elected officials and executive agency staff with respect to policy matters that interest NDIDA members.

8. If confidential and solely internal discussions from legislative meetings with the NDIDA members is released, I will not engage in full and completely frank discussions with the NDIDA members regarding their legislative interests for the following reasons:

   a. I would no longer have the ability to act as a mediator between manufacturers and dealers regarding sensitive and confidential issues.

   b. Dealers would no longer have faith and trust in me to discuss and understand their concerns without fear of having those specific, individual concerns made public.

   c. Dealers fear challenging the manufacturers directly as the manufacturers have so much power to influence the success or failure of a dealership. As such, the dealers present their concerns to me and I, in turn, address the issue from an industry standpoint without identifying specific dealers.

9. The confidentiality of the discussions is vital in order to have full and frank discussions regarding supporting or opposing public policy matters and discussing the merits of both. If that information is released, I also absolutely believe that NDIDA members will no longer participate in the association's meetings to discuss whether to engage in the political process, and thereby no longer engage in such political activity with the association for fear of reprisal from the farm equipment manufacturers.

10. Dealers will often approach me with concerns or questions that they want presented to the North Dakota Tax Department, North Dakota Department of Transportation, and other regulatory agencies. Dealers are extremely sensitive about using me as an intermediary and maintaining their confidential/anonymous status.

11. The ability to identify, discuss, and address dealer concerns in a confidential/anonymous manner is one of the main elements of my employment with the association and the association's ability to perform its mission. Stripping the association of this right will cause great harm to the ability of the association to serve its core purpose which is to address and advance industry concerns.

Executed on this _10_ day of May, 2018.

_Matthew C. Larsgaard_
Matthew Larsgaard

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Association of Equipment | ) | |
| Manufacturers, | ) | |
| AGCO Corporation, | ) | **Case No. 1:17-cv-151** |
| CNH Industrial America LLC, | ) | |
| Deere & Company, and | ) | |
| Kubota Tractor Corporation | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Hon. Doug Burgman, Governor | ) | |
| Of the State of North Dakota, in his | ) | |
| Official Capacity, and | ) | |
| The Hon. Wayne Stenehjem, Attorney | ) | |
| General of the State of North Dakota, | ) | |
| in his Official Capacity | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| North Dakota Implement Dealers | ) | |
| Association | ) | |
| | ) | |
| Intervenor | ) | |

## DECLARATION OF JAMIE MELGAARD

I, JAMIE MELGAARD, declare under the penalty of perjury that the following is true and correct:

1. I am a John Deere dealer and a member of the North Dakota Implement Dealers Association ("NDIDA").
2. NDIDA's purpose is to promote the general welfare of its dealer members by providing a timely source of industry information, representing dealer interests in government regulation and legislation, enhancing dealer and employee education, and supporting equitable dealer and manufacturer relations.
3. To further those interests, NDIDA occasionally lobbies the North Dakota legislature on behalf of its dealer members.
4. In order to determine whether to support or oppose legislation, NDIDA has periodic meetings to discuss, amongst other things, legislation that may impact dealer interests.

5. During those meetings, members and NDIDA's President and CEO (Matthew Larsgaard) occasionally discuss pending legislation, whether to engage in the legislative process with respect to particular legislation, whether to lobby the legislature on legislation and other aspects regarding the legislative process with respect to which NDIDA has an interest.

6. NDIDA's meetings are limited to its board members and information discussed during those meetings is confidential and not shared beyond the members present at the meeting.

7. Participating in NDIDA board meetings takes time and effort, including time away from my dealership business.

8. Part of the reason why I participate on the board is an understanding that NDIDA serves to promote industry issues and I can express my thoughts and concerns in a confidential manner.

9. I communicate with other NDIDA board members and Matthew Larsgaard regarding industry concerns and potential legislative issues, because I have the confidence that those matters will remain confidential and that encourages me to have a full and frank discussion of those issues.

10. The confidentiality of the discussions is vital in order to have full and frank discussions regarding supporting or opposing public policy matters and discussing the merits of both. If that information is released, I will no longer participate in the association's meetings to discuss whether to engage in the political process, and thereby no longer engage in such political activity with the association for fear of reprisal from the farm equipment manufacturers.

11. I have serious concerns about manufacturers becoming aware of specific discussions and/or concerns and exacting reprisal based upon those statements. The manufacturer has the power to influence the success or failure of my dealership in a number of ways, but most notably it is the primary source of product supply for which my dealership generates revenue.

12. Moreover, various public entities (such as legislatures and state agencies) enact and enforce policies that govern my dealership business. I have a desire to remain in favorable regard with those individuals and entities. If confidential information is released regarding my comments about various North Dakota government officials or agencies, I have serious concern that my business would suffer as a result of that information.

13. If I am not able to engage in confidential/anonymous discussions with the association and Matthew Larsgaard regarding legislation, onerous manufacturer imposed policies, state tax and DOT issues, etc. I will be required to seriously consider limiting my involvement with the association which may include my resignation from the NDIDA Board of Directors.

Executed on this _____ day of May, 2018.

_____
JAMIE MELGAARD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Association of Equipment Manufacturers, AGCO Corporation, CNH Industrial America LLC, Deere & Company, and Kubota Tractor Corporation | ) ) ) ) ) ) | **Case No. 1:17-cv-151** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| The Hon. Doug Burgman, Governor Of the State of North Dakota, in his Official Capacity, and The Hon. Wayne Stenehjem, Attorney General of the State of North Dakota, in his Official Capacity | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| North Dakota Implement Dealers Association | ) ) ) | |
| Intervenor | ) | |

## DECLARATION OF KEVIN ROY

I, Kevin Roy, declare under the penalty of perjury that the following is true and correct:

1. I am a John Deere dealer and a member of the North Dakota Implement Dealers Association ("NDIDA").
2. NDIDA's purpose is to promote the general welfare of its dealer members by providing a timely source of industry information, representing dealer interests in government regulation and legislation, enhancing dealer and employee education, and supporting equitable dealer and manufacturer relations.
3. To further those interests, NDIDA occasionally lobbies the North Dakota legislature on behalf of its dealer members.
4. In order to determine whether to support or oppose legislation, NDIDA has periodic meetings to discuss, amongst other things, legislation that may impact dealer interests.
5. During those meetings, members and NDIDA's President and CEO (Matthew Larsgaard) occasionally discuss pending legislation, whether to engage in the legislative process with

respect to particular legislation, whether to lobby the legislature on legislation and other aspects regarding the legislative process with respect to which NDIDA has an interest.

6. NDIDA's meetings are limited to its board members and information discussed during those meetings is confidential and not shared beyond the members present at the meeting.

7. Participating in NDIDA board meetings takes time and effort, including time away from my dealership business.

8. Part of the reason why I participate on the board is an understanding that NDIDA serves to promote industry issues and I can express my thoughts and concerns in a confidential manner.

9. I communicate with other NDIDA board members and Matthew Larsgaard regarding industry concerns and potential legislative issues, because I have the confidence that those matters will remain confidential and that encourages me to have a full and frank discussion of those issues.

10. The confidentiality of the discussions is vital in order to have full and frank discussions regarding supporting or opposing public policy matters and discussing the merits of both. If that information is released, I will no longer participate in the association's meetings to discuss whether to engage in the political process, and thereby no longer engage in such political activity with the association for fear of reprisal from the farm equipment manufacturers.

11. Specifically, I have serious concerns about John Deere becoming aware of specific discussions and/or concerns and exacting reprisal based upon those statements. The manufacturer has the power to influence the success or failure of my dealership in a number of ways, but most notably it is the primary source of product supply for which my dealership generates revenue.

12. Moreover, various public entities (such as legislatures and state agencies) enact and enforce policies that govern my dealership business. I have a desire to remain in favorable regard with those individuals and entities. If confidential information is released regarding my comments about various North Dakota government officials or agencies, I have serious concern that my business would suffer as a result of that information.

13. If I am not able to engage in confidential/anonymous discussions with the association and Matthew Larsgaard regarding legislation, onerous manufacturer imposed policies, state tax and DOT issues. etc. I will be required to seriously consider limiting my involvement with the association which may include my resignation from the NDIDA Board of Directors.

Executed on this _10th_ day of May, 2018.

KEVIN ROY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Association of Equipment | ) | |
| Manufacturers, | ) | |
| AGCO Corporation, | ) | **Case No. 1:17-cv-151** |
| CNH Industrial America LLC, | ) | |
| Deere & Company, and | ) | |
| Kubota Tractor Corporation | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Hon. Doug Burgman, Governor | ) | |
| Of the State of North Dakota, in his | ) | |
| Official Capacity, and | ) | |
| The Hon. Wayne Stenehjem, Attorney | ) | |
| General of the State of North Dakota, | ) | |
| in his Official Capacity | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| North Dakota Implement Dealers | ) | |
| Association | ) | |
| | ) | |
| Intervenor | ) | |

<u>**DECLARATION OF JASON RUGGLES**</u>

I, Jason Ruggles, declare under the penalty of perjury that the following is true and correct:

1. I am a Case IH and New Holland dealer and a member of the North Dakota Implement Dealers Association ("NDIDA").
2. NDIDA's purpose is to promote the general welfare of its dealer members by providing a timely source of industry information, representing dealer interests in government regulation and legislation, enhancing dealer and employee education, and supporting equitable dealer and manufacturer relations.
3. To further those interests, NDIDA occasionally lobbies the North Dakota legislature on behalf of its dealer members.
4. In order to determine whether to support or oppose legislation, NDIDA has periodic meetings to discuss, amongst other things, legislation that may impact dealer interests.
5. During those meetings, members and NDIDA's President and CEO (Matthew Larsgaard) occasionally discuss pending legislation, whether to engage in the legislative process with

respect to particular legislation, whether to lobby the legislature on legislation and other aspects regarding the legislative process with respect to which NDIDA has an interest.

6. NDIDA's executive session meetings are limited to its board members and information discussed during those meetings is confidential and not shared beyond the members present at the meeting, company owners and decision makers.

7. Participating in NDIDA board meetings takes time and effort, including time away from my dealership business.

8. Part of the reason why I participate on the board is an understanding that NDIDA serves to promote industry issues and I can express my thoughts and concerns in a confidential manner.

9. I communicate with other NDIDA board members and Matthew Larsgaard regarding industry concerns and potential legislative issues, because I have the confidence that those matters will remain confidential and that encourages me to have a full and frank discussion of those issues.

10. The confidentiality of the discussions is vital in order to have full and frank discussions regarding supporting or opposing public policy matters and discussing the merits of both. If that information is released, I will no longer participate in the association's meetings to discuss whether to engage in the political process, and thereby no longer engage in such political activity with the association for fear of reprisal from the farm equipment manufacturers.

11. Specifically, I have serious concerns about Case IH and New Holland becoming aware of specific discussions and/or concerns and exacting reprisal based upon those statements. The manufacturer has the power to influence the success or failure of my dealership in a number of ways, but most notably it is the major source of product supply for which my dealership generates revenue.

12. Moreover, various public entities (such as legislatures and state agencies) enact and enforce policies that govern my dealership business. I have a desire to remain in favorable regard with those individuals and entities. If confidential information is released regarding my comments about various North Dakota government officials or agencies, I have serious concern that my business would suffer as a result of that information.

13. If I am not able to engage in confidential/anonymous discussions with the association and Matthew Larsgaard regarding legislation, onerous manufacturer imposed policies, state tax and DOT issues, etc. I will be required to seriously consider limiting my involvement with the association which may include my resignation from the NDIDA Board of Directors.

Executed on this _10_ day of May, 2018.

Jason Ruggles

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Association of Equipment Manufacturers, AGCO Corporation, CNH Industrial America LLC, Deere & Company, and Kubota Tractor Corporation | ) ) ) ) ) ) ) | **Case No. 1:17-cv-151** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| The Hon. Doug Burgman, Governor Of the State of North Dakota, in his Official Capacity, and The Hon. Wayne Stenehjem, Attorney General of the State of North Dakota, in his Official Capacity | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| North Dakota Implement Dealers Association | ) ) ) | |
| Intervenor | ) | |

## DECLARATION OF JOHN SWENSETH

I, JOHN SWENSETH, declare under the penalty of perjury that the following is true and correct:

1. I am a Case IH dealer and a member of the North Dakota Implement Dealers Association ("NDIDA").
2. NDIDA's purpose is to promote the general welfare of its dealer members by providing a timely source of industry information, representing dealer interests in government regulation and legislation, enhancing dealer and employee education, and supporting equitable dealer and manufacturer relations.
3. To further those interests, NDIDA occasionally lobbies the North Dakota legislature on behalf of its dealer members.
4. In order to determine whether to support or oppose legislation, NDIDA has periodic meetings to discuss, amongst other things, legislation that may impact dealer interests.
5. During those meetings, members and NDIDA's President and CEO (Matthew Larsgaard) occasionally discuss pending legislation, whether to engage in the legislative process with

respect to particular legislation, whether to lobby the legislature on legislation and other aspects regarding the legislative process with respect to which NDIDA has an interest.

6. NDIDA's meetings are limited to its board members and information discussed during those meetings is confidential and not shared beyond the members present at the meeting.

7. Participating in NDIDA board meetings takes time and effort, including time away from my dealership business.

8. Part of the reason why I participate on the board is an understanding that NDIDA serves to promote industry issues and I can express my thoughts and concerns in a confidential manner.

9. I communicate with other NDIDA board members and Matthew Larsgaard regarding industry concerns and potential legislative issues, because I have the confidence that those matters will remain confidential and that encourages me to have a full and frank discussion of those issues.

10. The confidentiality of the discussions is vital in order to have full and frank discussions regarding supporting or opposing public policy matters and discussing the merits of both. If that information is released, I will no longer participate in the association's meetings to discuss whether to engage in the political process, and thereby no longer engage in such political activity with the association for fear of reprisal from the farm equipment manufacturers.

11. Specifically, I have serious concerns about Case IH becoming aware of specific discussions and/or concerns and exacting reprisal based upon those statements. The manufacturer has the power to influence the success or failure of my dealership in a number of ways, but most notably it is the primary source of product supply for which my dealership generates revenue.

12. Moreover, various public entities (such as legislatures and state agencies) enact and enforce policies that govern my dealership business. I have a desire to remain in favorable regard with those individuals and entities. If confidential information is released regarding my comments about various North Dakota government officials or agencies, I have serious concern that my business would suffer as a result of that information.

13. If I am not able to engage in confidential/anonymous discussions with the association and Matthew Larsgaard regarding legislation, onerous manufacturer imposed policies, state tax and DOT issues, etc. I will be required to seriously consider limiting my involvement with the association which may include my resignation from the NDIDA Board of Directors.

Executed on this __*10*__ day of May, 2018.

_____
JOHN SWENSETH